MICHAEL M. BARRY *vs.* WARREN N. ABBOT & others.

Under the Gen. Sts. *c.* 113, § 2, a creditor may maintain a bill in equity to reach and apply, in payment of his debt, property of the debtor, within this state, which cannot be come at to be attached or taken on execution; without having previously recovered a judgment at law, and without admitting other creditors to join in prosecuting the suit.

BILL IN EQUITY to reach and apply, in payment of a debt, rights of a debtor which could not be come at to be attached or taken on execution in a suit at law against him ; heard by *Wells,* J., and reserved for the determination of the full court on an agreed statement of the pleadings and facts, as follows :

" The original bill, filed February 23, 1867, set forth that the defendant Abbot was indebted to the plaintiff on certain promissory notes, amounting to $1275, which was proved or admitted; that Abbot sold to Absalom S. Blood, another of the defendants, certain stock and tools, and received in part payment therefor two promissory notes, dated June 6, 1866, made by Blood, each for $1000, payable to the order of David Chamberlin, a third defendant, one in one year and the other in two years from date ; that Blood secured the payment of the two notes by a mortgage on the stock and tools to Chamberlin; that the notes and mortgage were delivered to Chamberlin for the use of Abbot, and in fraud of the plaintiff; and that Abbot had no property in this Commonwealth, or elsewhere, liable to be attached or sold on execution at law; and prayed that Chamberlin be decreed to apply and pay the proceeds of said two notes and mortgage, or so much as would satisfy the plaintiff's claims against Abbot.

" Chamberlin and Abbot answered that the two notes and mortgage were given to Chamberlin to secure two notes amounting to $1064.83, given by Abbot to Chamberlin, and also to secure a balance of $103.50 due to Chamberlin on account; and that the same were given to Chamberlin without fraud to the plaintiff; all which was subsequently admitted by the plaintiff in a supplemental bill. Chamberlin further answered that he

had been trusteed, before the maturity of Blood's notes, by Hills & Brother, and by the Plympton Iron & Steel Manufacturing Company, in suits against Abbot, by reason of holding said Blood's notes and mortgage.

" The plaintiff then, by a supplemental bill, filed October 18, 1867, summoned in Hills & Brother and the Plympton Iron & Steel Manufacturing Company to answer and show cause why the proceeds of the two Blood notes, after satisfying Chamberlin's claims, should not be decreed to be applied in satisfaction of the plaintiff's claims against Abbot.

" The Plympton Iron & Steel Manufacturing Company answered that Chamberlin had been discharged as the trustee of Abbot in their said suit; but that Abbot owed the company upwards of $400 on account; that Abbot had no property liable to attachment or to be taken on execution at law; and prayed that said company, with other creditors of Abbot, might be allowed to come in and join the plaintiff in this suit, and share together the proceeds of the Blood notes, the plaintiff's claim being more than enough to absorb the whole of the same.

" Hills & Brother answered, making the same prayer to be allowed to join the plaintiff in this suit, and share said proceeds; also that Chamberlin had been discharged in their suit against Abbot, in which he was summoned as trustee; and further answered, demurring to the plaintiff's bill, on the ground that it did not appear that the plaintiff had exhausted his remedies at law, or attempted to secure by attachment or seizure on execution at law any property of Abbot.

" The plaintiff demurred to the prayer of Hills & Brother and the Plympton Iron & Steel Manufacturing Company to be allowed to join and share with the plaintiff in this suit. The court sustained the demurrer of the plaintiff; overruled the demurrer of Hills & Brother; and decreed that the balance of the proceeds of the two Blood notes, when collected by Chamberlin, after paying his own said claims therefrom, be paid by Chamberlin to the plaintiff to be applied towards the satisfaction of his said claims; from which decree Hills & Brother and the Plympton Iron & Steel Manufacturing Company appealed."

*N. C. Berry*, for the plaintiff.

*E. Avery*, ( *G. M. Hobbs* with him,) for Hills & Brother.

*B. Dean*, for the Plympton Iron & Steel Manufacturing Com·pany.

HOAR, J.   The provision for reaching and applying to the satisfaction of a debt the equitable assets of a debtor, which is found in the Gen. Sts. *c.* 113, § 2, *cl.* 11, and is copied from the St. of 1851, *c.* 206, and the St. of 1858, *c.* 34, has been the subject of judicial construction in several reported cases.   It has been held that the remedy might be pursued by a creditor who had not exhausted his remedies at law, either by suing out an execution, or even reducing his claim to a judgment; and that it might be instituted by a creditor for himself alone, and not for himself and all other creditors who might come in and become parties to the suit, differing in this respect from what is commonly known in equity as a creditor's bill.   *Silloway* v. *Columbia Insurance Co.* 8 Gray, 199.   *Sanger* v. *Bancroft*, 12 Gray, 365.   *Moody* v. *Gay*, 15 Gray, 457.   *Crompton* v. *Anthony*, 13 Allen, 33.

This express statute remedy does not seem to the court to have been taken away or limited by the grant of general equity powers; but to remain as a right of the suitor under the law. The decrees from which the appeal was taken were therefore correct in substance, and should be affirmed.

The defendants' demurrers must be overruled; and their prayer to be admitted as joint plaintiffs in the suit, and to share in its proceeds, must be refused.

We observe that in the report a demurrer by the plaintiff to the answer is spoken of.   The mode in which a plaintiff avails himself of defects in the answer is by exceptions, or by setting down the case for hearing upon bill and answer, and not by demurrer.   But the case has been argued upon its merits; and the plaintiff is entitled, upon the pleadings and report, to an affirmation of the decree appealed from, with costs.