ALMON H. TUCKER *vs.* JOHN McDONALD & others.

Under the Gen. Sts. *c.* 113, § 2, *cl.* 11, a creditor may maintain a bill in equity to reach and apply, in payment of his debt, property of the debtor which cannot be come at to be attached or taken on execution, although the debt is secured by mortgage.

BILL IN EQUITY under the Gen. Sts. *c.* 113, § 2, *cl.* 11, against John McDonald, John Turner and Robert Wolfenden. The case, as it appeared from the bill and McDonald's answer, on which it was reserved by *Colt,* J., for the determination of the full court, was as follows :

The plaintiff was the holder of a promissory note for $1000, made by McDonald and Turner and secured by a mortgage on

real estate. McDonald and Turner had no property which could be come at to be attached or taken on execution in a suit at law against them, but Turner had given to McDonald a mortgage on personal property to secure a debt for $600, and had subsequently sold the mortgaged goods to Wolfenden, who had agreed to assume the mortgage debt and pay it to McDonald. The bill prayed that Wolfenden might be ordered to pay the $600 to the plaintiff in partial discharge of his note.

. *E. H. Bennett,* (*H. J. Fuller* with him,) for the plaintiff.

*G. E. Williams,* for the defendants.

AMES, J. We must consider this case as substantially disposed of by the decision in *Barry* v. *Abbott,* 100 Mass. 396. It was there held that the provisions of St. 1851, c. 206, for reaching and applying to the satisfaction of a debt the equitable assets of a debtor, might be resorted to by a creditor who had not exhausted his remedies at common law, or even reduced his claim to a judgment; and that a creditor might institute a suit under the statute for himself alone. It was also held that this express statute remedy was not taken away or limited by the subsequent legislative grant to the court of general equity powers. *Silloway* v. *Columbian Insurance Co.* 8 Gray, 199. *Sanger* v. *Bancroft,* 12 Gray, 365.

It is familiar law that the holder of collateral security for a debt is not confined to that security, but may attach any other property of the debtor, unless there has been some agreement to the contrary. We see no reason for considering the remedy which the creditor is pursuing in this case as subject to any different rule. We cannot know whether the mortgage that he holds is adequate security for the debt or not. It is at most merely collateral to the debt, and is of course no bar to any other legal remedy. The remedy which he is pursuing is in the nature of an attachment by an equitable trustee process, and we cannot see any reason why he may not resort to it. 1 Story Eq. § 547 and cases there cited. *Taylor* v. *Cheever,* 6 Gray, 146.

*Decree for the plaintiff.*