ANTHRACITE INSURANCE COMPANY *vs.* RICHARD W. SEARS & others.

A creditor may maintain a bill in equity on the Gen. Sts. *c.* 113, § 2, to reach and apply to the payment of the debt a policy of insurance on the life of the debtor, assignable by its terms and owned by him; and it is immaterial that the insurers are a foreign corporation, if the debtor is within this state.

BILL IN EQUITY, filed June 9, 1871, under the Gen. Sts. *c.* 113, § 2, by a corporation established under the laws of Pennsylvania, against Richard W. Sears, residing in this Commonwealth, and the Mutual Life Insurance Company, a corporation established in the city of New York under the law of the state of New York; to reach and apply in payment of a debt, owed by Sears to the plaintiffs, a policy of insurance on his life, issued to him by the defendant corporation on September 3, 1863. The case was reserved by *Ames,* J., for the determination of the full court, on the bill, answer and agreed facts, and is stated in the opinion.

*C. E. Hubbard,* ( *W. Emery* with him,) for the plaintiffs.

*J. A. Loring,* for the defendants.

CHAPMAN, C. J. The policy is admitted to be the property of Sears. It is by its terms assignable, the only condition being that written notice of the assignment shall be given to the company, and due proof of interest produced with proof of death. It was issued by the Mutual Life Insurance Company of New York, and it is admitted that the company is in the habit of taking up such policies when they and the holder can agree upon the value. It is an assignable chose in action. *Palmer* v. *Merrill,* 6 Cush. 282. *St. John* v. *American Insurance Co.* 3 Kernan, 31. And such instruments have a market value, and are often held as collateral security. It is quite like a promissory note; and promissory notes are within the statute. *Davis* v. *Werden,* 13 Gray, 305. *Moody* v. *Gay,* 15 Gray, 457. *Crompton* v. *Anthony,* 13 Allen, 33. *Barry* v. *Abbot,* 100 Mass. 396. If it is necessary to ascertain the value of the policy, that can easily be done by a master, or otherwise.

It is no objection to the action, that the company is situated without the jurisdiction of the court. It is sufficient that the defendant is within it. *Moody* v. *Gay*, 15 Gray, 457.

There is no reason for exempting this species of property from this process, that does not apply to other choses in action; and it is within the words of the statute, which extends to " any property, right, title or interest, legal or equitable, of a debtor within this state, which cannot be come at to be attached or taken on execution in a suit at law against such debtor."

The case of *Smith* v. *Mutual Insurance Co.* 14 Allen, 336, does not apply to a case like this, for none of the parties in that case were within the jurisdiction.

*Decree for the plaintiffs, with costs.*