THOMAS L. ROBINSON *vs.* LYDIA A. J. TROFITTER & another.

A bill in equity against husband and wife alleged that the plaintiff had a judgment against the wife; that on her failure to pay it she was cited before the court of insolvency, under the St. of 1862, *c.* 162, and there made oath that she had no property subject to attachment; and that the husband had then and now in his hands the proceeds of a sale of the wife's real estate, or property purchased therewith; and prayed that the husband might be ordered to pay the judgment debt out of such proceeds or property. *Held,* that the bill was not demurrable, either on the ground that the husband was improperly joined as defendant, or on the ground that the plaintiff had an adequate remedy at law by an action against the wife in which the husband should be summoned as trustee, or on the ground of the proceedings under the St. of 1862, *c.* 162.

BILL IN EQUITY against Lydia A. J. Trofitter and Edward T. Trofitter, her husband, alleging that she agreed to sell a parcel of land to the plaintiff ; that she broke her agreement, and sold and conveyed the land to another person, who paid the price to Edward T. Trofitter, " as her trustee and agent, and in justice and equity to be applied to the payment of her sole and separate indebtedness ; " that the plaintiff sued her for breach of her agreement and recovered judgment, on which execution issued ; that upon her failure to pay the execution " she was cited to appear before the court of insolvency for the county of Suffolk, in accordance with " the St. of 1862, *c.* 162, " and in answer to interrogatories then propounded to her, represented, under oath, that she had no property or estate in her hands or subject to attachment or levy, and that the sum, which had been paid on account of said sale, had been taken by her husband and never paid over to her ; " that " Edward T. Trofitter holds the proceeds of said estate, or property purchased therewith, in his hands, and does not intend to apply the same to the payment of the said

judgment and execution ; that the defendant Lydia has no prop‑
erty or estate which can be attached ; and that such proceeds, or
the property into which they may have been converted, in equity
and good conscience are held in trust for the said Lydia by the
said Edward T., and should be applied to the payment of said
judgment debt." The bill prayed for discovery ; that the de‑
fendant " so far as he has said proceeds in his hands, or the
investments into which said proceeds have been converted, may
be ordered to pay the same to the plaintiff, so far as is necessary
to satisfy the claim of the plaintiff ;" and for further relief.

The defendants severally demurred, and for cause showed :
" 1. That the bill does not set forth or show any privity between
the plaintiff and the defendant Edward T. Trofitter, and does not
show any cause of action or ground for relief on the part of the
plaintiff against Edward T. Trofitter ; 2. That if the plaintiff
has any remedy in the premises, he has a good and sufficient rem‑
edy in a court of law, and therefore is not entitled to any relief
in equity ; and 3. That the plaintiff has availed himself of the
provisions of " the St. of 1862, *c.* 162, " and has fully pursued
the remedy therein provided ; and the rights and liabilities of the
parties in the premises as to all matters and things charged in
the plaintiff's bill were therein duly considered and adjudged by
a court of competent and final jurisdiction, and the plaintiff's
remedy in the premises was thereby exhausted, or limited to pro‑
ceedings under said statute."

The case was reserved by *Colt*, J., on bill and demurrer, for
the determination of the full court.

*C. P. Hinds*, for the defendants.

*R. D. Smith*, for the plaintiff.

WELLS, J. A bill in equity, to reach the separate estate of a
married woman, for the payment of obligations contracted by her,
is maintainable, if there is no adequate remedy at law. *Rogers*
v. *Ward*, 8 Allen, 387.

The husband may be trustee for his wife. Manual possession
by him, of her personal property, is not necessarily inconsistent
with her separate title. The property may be charged, in his
hands, with a trust for her. *Turner* v. *Nye*, 7 Allen, 176, 181.

*Walker* v. *Walker*, 9 Wallace, 743. He cannot, by taking or retaining her money, appropriate it as his own, without her consent. *Read* v. *Earle*, 12 Gray, 423.

There are three grounds of demurrer in this case.

1. That the bill does not set forth or show any privity between the plaintiff and the defendant, Edward T. Trofitter, and does not show any cause of action or ground for relief against him.

As the property sought to be reached is alleged to be in the hands of Edward T. Trofitter, the husband, he is a necessary party, in order to make any relief effectual, to which the plaintiff may show himself entitled as against the wife.

2. That if the plaintiff has any remedy in the premises, he has a good and sufficient remedy in a court of law, and therefore is not entitled to any relief in equity. It is alleged that the defendant, Lydia A. J. Trofitter, has no property which can be attached. If the plaintiff has any remedy at law it must be by process of foreign attachment. The defendant contends that the plaintiff can have his remedy in that form; and that it is adequate.

We need not determine whether a husband may, in any case, be charged as trustee of his wife, in the ordinary proceedings by trustee process; because, if he may, it can be only for personal property, "goods or effects," in his hands specifically as the separate property of the wife, at the time of the service of process upon him. The previous receipt of money, under circumstances which would make him liable to any other person for "money had and received," would not alone be sufficient to charge him as trustee for his wife, in an action at law; because the relation of debtor and creditor cannot subsist between them. If he can be charged at all, it must be on the ground of actual possession, specifically, at the time of service of the writ upon him.

It is manifest that a remedy at law, of so limited and uncertain character, is not plain, complete or adequate. It is not probable that the proceeds of the sale of the wife's land still remain in the husband's hands in money, as a separate fund; and the plaintiff has no means of knowing in what form they now exist or are invested.

3. That the matter has already been adjudicated under the provisions of the St. of 1862, c. 162; and the plaintiff is concluded thereby.

Proceedings under that statute are of a summary character, without provision for repeal, or revision in any other mode. The result, if successful, is an order to produce and surrender, or to assign property or rights of property, to satisfy an execution previously obtained. The husband was not and could not be a party to those proceedings. The property in his hands was not fraudulently conveyed to him. It might be doubted therefore whether the proceeedings were applicable to the case at all.

Without determining whether, if they were so applicable, a mere refusal of the magistrate to make and enforce the peremptory order, contemplated by that statute, would be an adjudication upon all questions involved therein, which would conclude the parties in all proceedings in other courts, it is sufficient for this case that it does not appear from the bill that any such adjudication has been made. The proceedings are referred to only so far as to show what account Mrs. Trofitter then gave of the disposition of the proceeds of the sale of her real estate. It does not appear but that they were thereupon abandoned.

We are satisfied therefore that, upon all the grounds relied on, the demurrer must be                    *Overruled.*