## J. T. WATERHOUSE *vs.* D. H. HITCHCOCK *et al.,*
### Assignees.

IN EQUITY.    BEFORE JUDD, J.

DECEMBER, 1874.

A firm having made an assignment for benefit of creditors, one of the creditors files a bill against the assignees to compel an accounting and payment:

Held, on demurrer, that all the creditors named in the deed of assignment are necessary parties to the suit.

Demurrer sustained.

### DECISION OF JUDD, J., ON DEMURRER.

The bill alleges that the plaintiff is a private creditor of Siemsen, one of the firm of Siemsen & Conway; that they made a general assignment to the defendants for the benefit of the creditors of the firm, as well as of their private creditors, and prays for an account, etc.; in short it is the usual bill of a creditor claiming the benefit of an assignment and proceeding against the assignees to compel an account and payment of the distributive share of the proceeds.

The bill is demurred to on the ground that it appears by the deed of assignment that certain parties, naming them, are creditors of Siemsen & Conway, who are, therefore, interested in the trust and are necessary parties; and it is claimed that, either these creditors should be made parties to the bill, or it should be brought in behalf of the plaintiff and all the other creditors who may choose to come in and take the benefit of the decree.

Plaintiff's counsel urges in reply that this is not a proper ground of demurrer because it does not appear on the face of the bill that these parties are creditors. It is true that the bill does not make profert of the deed of assignment, and it is therefore no part of the record, and the Court has no knowledge thus far as to who are creditors. It is, however, apparent on the face of

the bill that there are other creditors. In article fourth, the bill sets forth that the deed of assignment was made to the defendants "of all the property of Siemsen & Conway and each of them in trust for the benefit of the creditors of them and of each of them." In article fifth, it is alleged that plaintiff requested defendants "to pay his claim or a just dividend thereon, *pari passu,* with claims of other separate creditors," etc. The second prayer of the bill asks for discovery "of all claims against said Siemsen & Conway," and the third prayer asks that "an account be taken of all said claims, and that the defendants be decreed to pay the plaintiff a just and fair dividend on said claim." This language shows that the assignment was not for the benefit of the plaintiff as the sole creditor, in which case he alone could sue, but that it was a general assignment for the benefit of all the creditors of Siemsen & Conway.

Having disposed of this objection, the main question remains: Is the bill demurrable in that it is not brought in behalf of plaintiff and of all other creditors?

Story, in his Equity Pleadings, §157, says: "Where the assignment is made by a debtor for the benefit of his creditors, if any creditor seeks to enforce the trust, he cannot sue alone; but he must make all other creditors provided for in the assignment, parties, either by name, or by bringing the suit on behalf of himself and all the other creditors who may choose to come in and take the benefit of the decree." In Sec. 216, *id.,* "Where there is a general trust for creditors or others, whose demands are not distinctly specified in the creation of the trust, as their number, as well as the difficulty of ascertaining who may answer a general description, might greatly embarrass the due execution of the trust, Courts of Equity will dispense with all the creditors and others interested in the trust being made direct parties. And it will be sufficient, if the bill is brought to enforce the due execution of the trust, that it should be brought on behalf of all interested. Burrill on Assignments, Chap. 51, is to the same effect.

The cases whence these text writers deduce this doctrine are,

*Wakeman vs. Grover,* 4 Paige, 23; *Bryant vs. Russell,* 23 Pick., 508; *Houghton vs. Davis,* 23 Me., 28.

Where the creditor is not seeking to inforce the trust, but is acting in hostility to the assignment, seeking to avoid it on the ground of fraud or other illegality, it is not necessary that all creditors should be made parties, for in this class of cases the assignee himself sufficiently represents the other creditors. *Wakeman vs. Grover,* above cited, and *Riggs vs. Murray,* 2 Johns. Ch., 565.

Counsel for plaintiff contends that *Silloway vs. Columbia Ins. Co.,* 8 Gray, 199; *Moody vs. Gay,* 15 Gray, 457; *Barry vs. Abbot,* 100 Mass., 396, are authorities that a creditor may institute such a suit for himself alone, and that it is not necessary to be brought for himself and all other creditors.

But these cases are merely the judicial construction of Mass. Statutes of 1851, Chap. 206, and 1858, Chap. 34, where these words: " The Supreme Judicial Court shall have jurisdiction in equity upon a bill by any creditor, to reach and apply in payment of a debt, etc., etc.," are held to give the right to any person to bring a "creditor's bill" by himself alone.

In the State of Massachusetts, before the enactment of this statute of 1851, it was held that when a creditor "seeks to carry into effect an assignment in trust for the benefit of creditors, and to obtain his proportion of the trust fund, he is bound to make all the creditors parties.  Or some of the creditors may sue in behalf of themselves and the other creditors who may come in and obtain satisfaction of their demands equally with the plaintiffs in the suit."

In this case Wilde, J., says: "This form of proceeding, while it prevents delay, and the multiplicity of suits which are never encouraged, furnishes the Court at once with the means of administering equal justice to all parties interested." *Bryant vs. Russell,* 23 Pick., 523.

The case of *Houghton vs. Davis,* above cited, gives as a reason why all creditors should be made parties; that in such cases, each creditor is to be paid *pro rata,* and the rights of all credi-

tors will be affected by a decree which may lessen or enlarge the number of creditors and the amount of debts on which a dividend may be made. The proportion of one creditor cannot be determined and extracted from the common fund without deciding upon the proportion that would be payable to each of the others.

The Court is not in a position to make a decree awarding to the plaintiff a certain per centage on his claim without ascertaining what are the claims of other creditors whose positions must be identical with the plaintiff's, if he is entitled to have this trust enforced; they are therefore necessary parties.

I deem an allegation like the one set forth in the demurrer necessary in a bill of this kind; but, as this defect is not fatal, will permit such an amendment to be made on payment of costs.

A motion to amend may be made, or the bill dismissed.

*A. S. Hartwell*, for plaintiff.

*R. H. Stanley*, for defendants.

Honolulu, December 24, 1874.