GEORGE W. T. LORD & others *vs.* BRET HARTE & others.

Suffolk. March 16. — Sept. 4, 1875. AMES & ENDICOTT, JJ., absent.

A creditor may maintain a bill in equity on the Gen. Sts. *c.* 113, § 2, to reach and apply, to the payment of the debt, money due and afterwards accruing to the debtor, from a contract of the latter with book-publishers, by which they agree to pay to the debtor a royalty upon the price of each book sold by them, to account with him semi-annually, and to pay him the amounts then found to be due, if the amount due at the time of filing the bill is not sufficient to satisfy the debt.

BILL IN EQUITY, filed September 17, 1874, under the Gen. Sts. *c.* 113, § 2, against Bret Harte, of Morristown, in the State of New Jersey, and the members of the firm of J. R. Osgood & Company, of Boston, alleging that in 1874 the plaintiff recovered judgment against Harte for $1153.76, in an action brought by them in the Superior Court of the city of New York; that the judgment was wholly unsatisfied at the filing of this bill ; that Harte was an author of some reputation, and had written works in prose and poetry, which had been collected and published in several volumes, and had a large and extended sale in the United States and elsewhere ; that said works have been pub-ished and sold, and are now being published and offered for sale, in many different editions, by the defendants Osgood & Co. ; that the plaintiffs are informed and believe, and on such information

and belief aver, that the sole right to publish and sell said works belongs to the said Osgood & Co.; that the copyrights thereof were taken in their name or assigned to them, by or with the consent of the said Harte, in consideration of certain contracts between them, which contracts are now in existence and are substantially as follows, to wit : that in consideration of their becoming the owners of copyrights, the said Osgood & Co. shall publish and sell copies of the works, as may be advantageous, during the continuance of said copyrights, and out of such sales shall pay to Harte the sum of ten per centum upon the retail price of each book, by way of royalty or compensation, for the authorship thereof; that in said contract it is provided that an account shall be stated between said Osgood & Co. and Harte twice each year, to wit, in the months of May and November, and upon these statements the amounts found to be due Harte are then payable to him under the contracts ; that since the existence of the contracts Harte has received under them each year, as royalty upon the sale of his works, a large sum of money, to wit, more than the amount of his debt to the plaintiffs ; that the sale of said works continues to be large, and that the interest of the said Harte therein is likely to be valuable in the future, but that the same cannot be come at to be attached or taken on execution in a suit at law against Harte ; that the amount of money due upon a proper accounting (if anything) from Osgood & Co. to Harte at the time of filing the bill, or which shall have become due at the first accounting after the service of the bill, will not be sufficient to pay the indebtedness of said Harte to the plaintiffs.

The prayer of the bill was for discovery, and that Osgood & Co. be ordered to account with the plaintiffs for such sums of money as may now be due or hereafter fall due to Harte under the contracts, until his debt to the plaintiffs, with the interest thereon and the costs of this proceeding, shall be fully paid and discharged ; or that Osgood & Co. be ordered to pay the same into court, subject to the order of the court ; and for further relief.

To this bill the defendants Osgood & Co. demurred, on the ground that the plaintiffs had a plain, adequate and complete remedy at law.

Upon hearing of the demurrer, *Devens*, J., was of opinion that the demurrer should be sustained ; ·and, at the request of the plaintiffs, reserved the question for the consideration of the full court.

*R. M. Morse, Jr.*, for the defendants.

*R. D. Smith & M. M. Weston*, for the plaintiffs.

DEVENS, J. The plaintiffs have recovered judgment against Harte for the sum set forth in their bill, but even if they would have been entitled, if they had brought an action at law against Harte, and summoned Osgood & Co. as trustees, to receive the amount which had already been earned at the date of this process, at the time when by the terms of the contract it should become payable, such sum would not be enough to pay the judgment.

The existence of an imperfect remedy at law will not prevent a plaintiff from maintaining a bill in equity ; that it should have such effect, the remedy there afforded should be the same in extent and character as that given in equity. *Robinson* v. *Trofitter*, 109 Mass. 478. *Jones* v. *Newhall*, 115 Mass. 244.

The object of the Gen. Sts. *c.* 113, § 2, is to enable a creditor, by bringing a bill for that purpose, to reach and apply every valuable property, right, title or interest, legal or equitable, which the debtor may possess to the payment of his debt, and the creditor here seeks to obtain the benefit of the contracts existing between the defendants, that the funds which Harte may be entitled hereafter to receive under them may be thus applied.

The remedy given by this section of the General Statutes and those provisions of which it is a reënactment, has frequently been discussed by this court. *Silloway* v. *Columbia Ins. Co.* 8 Gray, 199. *Sanger* v. *Bancroft*, 12 Gray, 365. *Davis* v. *Werden*, 13 Gray, 305. *Moody* v. *Gay*, 15 Gray, 457. *Taylor* v. *Robinson*, 7 Allen, 253. *Barry* v. *Abbot*, 100 Mass. 396. *Vantine* v. *Morse*, 104 Mass. 275. *Tucker* v. *McDonald*, 105 Mass. 423.

The case most nearly resembling the present is, however, *Anthracite Ins. Co.* v. *Sears*, 109 Mass. 383, where a creditor was permitted, by a bill similar to this, to reach and apply, in payment of his debt, a policy of insurance on the life of the debtor which was held by the debtor. In the opinion some stress apparently is laid on the fact that the policy was by its terms assign·

able, and it was thus brought within a class of cases such as promissory notes, in which it has many times been held that what was promised might be reached by this process. But, whether the instrument be assignable or not, if that which it promises cannot be reached by some process of attachment against the debtor and is of value, it should be by this proceeding. The fact that the party bound by the contract may be compelled to pay some one other than him with whom he contracted is unimportant; the contracting party does this in every case where he is charged under the trustee process.

It is argued for the defendants that the bill does not seek to reach the contracts themselves, and in this respect, as well as in the fact that the thing sought to be reached, namely, the moneys to be paid in the future, can be come at to be attached, differs from all bills heretofore sustained by the court. But in *Barry* v. *Abbot*, cited above, what the plaintiff by the decree was entitled to have applied to the payment of his debt was derived from the right which his debtor Abbot had to receive the balance of certain notes made by one of Abbot's debtors, Blood, to another of Abbot's creditors, Chamberlin, after Chamberlin should have collected the notes from Blood and after payment of his own debt; such notes not having been collected at the time of the decree. In that case, if the plaintiff had waited until Chamberlin had collected the notes and paid his own debt, the balance of the funds, which would then have become due to Abbot, would have been liable to attachment in the hands of Chamberlin as his trustee.

What the rights of the parties to this contract may be, if they should desire hereafter to change or abandon it, or what the particular form of remedy may be, to which the plaintiff may be entitled in order that he may realize his debt, need not now be discussed. Upon the facts admitted by the demurrer, the defendant Harte has a valuable interest under an existing contract which cannot be come at to be attached. Any remedy which the plaintiffs may have by the trustee process, and no other is suggested, is uncertain, doubtful and inadequate, and there is therefore presented a case for relief by this bill.          *Demurrer overruled.*