PHŒNIX INSURANCE COMPANY *vs.* CHARLES W. ABBOTT
& another.

Suffolk.   Nov. 20, 1878. — Oct. 27, 1879.   COLT & MORTON, JJ., absent.

A bill in equity, under the Gen. Sts. c. 113, § 2, cl. 11, against A. and B., alleged
that the plaintiff issued a policy of insurance to A. on certain wool against loss
by fire, payable in case of loss to B.; that, by the terms of the policy, fraud on
the part of the assured caused a forfeiture of all claim under the policy; that
A. caused the wool to be destroyed by fire for the purpose of defrauding the
plaintiff, and afterwards made a fraudulent proof of loss; that the plaintiff,
in ignorance of the fraud, paid the amount of the alleged loss to B.; that the
defendants jointly and severally owed the plaintiff this sum; that B. was a
banking association having assets mostly invested in loans to individuals
secured by their promissory notes not yet matured, in United States bonds,
and in other forms of personal securities, not attachable at law; that neither
A. nor B. had any property which could be come at to be attached or taken
on execution in a suit at law. The prayer of the bill was that B. be re-
strained by injunction from alienating so much of its assets as at a fair val-
uation would amount to a certain sum, until the further order of the court;
and for further relief. *Held*, on demurrer, that the bill could not be main-
tained.

A demurrer to a bill in equity under the Gen. Sts. c. 113, § 2, cl. 11, was heard and
sustained by a single justice, who reserved for the determination of the full
court the question whether his decision was correct, and also the question
whether the plaintiff should be allowed to amend, under the St. of 1865, c. 179,
by changing his bill to a suit at law; and, if so, upon what terms. The full
court, upon sustaining the demurrer, ordered the question of amendment to be
heard by a single judge.

BILL IN EQUITY, filed January 17, 1878, against Charles W.
Abbott and the Massachusetts Loan and Trust Company, a cor-
poration established under the laws of this Commonwealth,
alleging, that, on September 20, 1875, the plaintiff issued to
Abbott a policy of insurance in the sum of $2500, on wool in a
certain building, against loss by fire, payable in case of loss to
the trust company; that the policy contained this clause, "all
fraud or false swearing on the part of the assured shall cause a
forfeiture of all claim under this policy;" that in March 1876,
while the policy was in force, Abbott caused the building in
which was the insured wool to be set on fire and destroyed, in
order to defraud the plaintiff; that subsequently Abbott made
proof of loss, stating that a certain amount of wool was in the
building at the time of the loss, whereas in fact not more than

one fifth of the amount represented was in the building; that in June 1876, the plaintiff being ignorant of Abbott's fraud and that the amount represented was not destroyed, and believing that Abbott's proof of loss was correct, paid to the trust company, at Abbott's request, the sum of $2478.79 being the full amount claimed; and that the defendants jointly and severally owed this amount, with interest, to the plaintiff; that Abbott had been adjudicated a bankrupt, and an assignee had been appointed, but no assets were disclosed; and that Abbott had no property which could be come at to be attached or taken on execution in a suit at law against him.

The bill further alleged, that the trust company was a banking association, having assets mostly invested in loans to individuals secured by their promissory notes not yet matured, in United States bonds, and in other forms of personal securities, not attachable at common law; that it had no property which could be come at to be attached or taken on execution in a suit at law; and that the plaintiff had not a plain, adequate and complete remedy at law.

The prayer of the bill was, that the defendants might answer, but not under oath; that the trust company be restrained by injunction from selling, assigning, transferring, pledging, mortgaging, or in any way alienating so much of its assets as at a fair valuation would amount to $5000, until the further order of the court; and for further relief.

The defendants severally demurred to the bill for want of equity, and for nonjoinder of the necessary parties thereto. *Colt,* J., sustained the demurrers; and reserved for the determination of the full court the question whether the decision was correct, and also the question whether, in case the decision was sustained, the plaintiff ought to be allowed to amend its bill under the St. of 1865, *c.* 179, by changing the proceeding into a suit at law, and, if so, on what terms.

*A. Hemenway,* for Abbott.

*H. D. Hyde & F. R. Hall,* for the other defendant.

*J. P. Treadwell,* for the plaintiff.

SOULE, J. The plaintiff seeks to maintain its bill on the ground that it states a case within that clause of the Gen. Sts. *c.* 113, § 2, which provides for reaching by bill in equity the

property of a debtor, which cannot be come at to be attached or taken on execution in a suit at law. The purpose and effect of that clause have been passed upon in many reported cases. The result of the decisions is, that a bill may be maintained where the object of the plaintiff is to reach and apply to the payment of his debt any property of the debtor in the hands or control of a third person, which is of such nature or in such a situation that it cannot be attached or taken on execution. The suit will not be suffered to fail because the property is not money in specie, but is in the form of obligations to pay, or of property invested and concealed for the benefit of the debtor. The bill may be maintained by a single creditor for his own benefit, without making other creditors parties; and such other creditors will not be permitted to come in and share with the plaintiff the benefits obtained by the suit. But in most of the cases which have arisen, and in which the bill has been sustained, some person other than the plaintiff's debtor has been made a defendant, as being the holder of the property sought to be reached, and as being under obligation in some way to account for it to the plaintiff's debtor. In other words, the proceeding has been regarded as in the nature of an equitable trustee process, as distinguished from a creditors' bill. *Silloway* v. *Columbia Ins. Co.* 8 Gray, 199. *Sanger* v. *Bancroft*, 12 Gray, 365. *Crompton* v. *Anthony*, 13 Allen, 33. *Barry* v. *Abbot*, 100 Mass. 396. And, while it was held in *Tucker* v. *McDonald*, 105 Mass. 423, that the fact that the plaintiff held a mortgage as security for his debt would not prevent the maintenance of his bill, it was held in *Vantine* v. *Morse*, 104 Mass. 275, that, when it appeared that the property sought to be reached could be attached at law, the bill could not be maintained.

The case at bar differs from all the cases referred to, in that the property sought to be reached is alleged to be in the possession of the debtor, and no other person or corporation is made a defendant as having any possession or control of it, or as being under any obligation to the debtor in any way. The allegation is, in substance, that the trust company owns promissory notes given to it for loans, and United States bonds, and has no property which can be come at to be attached or taken on execution in a suit at law; and the prayer is that it be enjoined against

alienating its assets to the amount of five thousand dollars. We do not think that the statute under consideration was intended to apply to such a state of facts as this. No specific property is pointed out; no person is summoned as the equitable trustee. The attempt is to compel the trust company by injunction to hold five thousand dollars' worth of property, till this suit shall be terminated, subject to any order which the court may see fit to make. If this can be regarded as within the scope of the statute, it would follow that all suits for the collection of debts could be brought by bill in equity, in which the debtor only should be a defendant, if the plaintiff could allege and prove that the debtor had in his own hands property which could not be come at to be attached or taken on execution at law. This is clearly not the intention of the statute, and argument is unnecessary on the point.

The only case which has been cited as sustaining the plaintiff's position is *Rogers* v. *Ward*, 8 Allen, 387. That case, however, does not depend on the statute which we are considering, but stands on the principle, that, where the consideration of a contract entered into by a married woman goes to the benefit of her separate estate, equity will decree that her debt created thereby shall be paid from such estate or income to the extent to which the power of disposal by the married woman may go. The same doctrine is held in *Willard* v. *Eastham*, 15 Gray, 328, and in *Heburn* v. *Warner*, 112 Mass. 271. Neither of these cases aids the plaintiff's bill.

In the few cases in which the bill has been sustained, no equitable trustee being made a party defendant, the question in the case at bar was not raised. In *Anthracite Ins. Co.* v. *Sears*, 109 Mass. 383, a life-insurance policy, issued by a corporation established in the State of New York, was decreed to be applied to payment of the plaintiff's claim. The case as reported shows that the company was made a party to the proceedings, and does not show, as the record on which the case was argued did, that a discontinuance had been entered as to the company before the case came before the full court; but the principal defendant, the debtor, had answered to the merits of the bill, and does not appear to have made the point that the proper parties were not before the court, and the chose in action sought

to be availed of was particularly described, and was within reach of the court.

In *Moody* v. *Gay*, 15 Gray, 457, the plaintiff's debtor was made defendant with one Blanchard, who had made a note secured by mortgage of real estate payable to the debtor. The debtor set up that the note and mortgage had been assigned to a resident of Connecticut. The plaintiff by amended bill alleged that the assignment, if made, was fraudulent, for the purpose of delaying creditors, and in trust for the debtor, and made the non-resident a party. He came in and demurred, on the ground that the court had no jurisdiction over him. His demurrer was sustained, and the case was ordered to proceed as between the other parties; that is to say, between the plaintiff, on the one side, and his debtor and the maker of the note and mortgage, on the other. There is no conflict between this case and the case at bar.

In *Adams* v. *Mills*, 126 Mass. 278, there was no third party, the proceedings being merely between the plaintiff and his debtor, the plaintiff asking to have a right to redeem certain real estate from a tax sale applied to the payment of his demand. The defendant submitted to the jurisdiction of the court, by answering to the merits, and the question raised in the case at bar was not presented.

The result is, that the demurrer is well taken. The motion to amend to an action at law, if allowed, may involve a question of terms, and is proper for the consideration of a single judge.

*Demurrer sustained.*