JOHN E. DONNELL, in equity,

*vs.*

PORTLAND AND OGDENSBURGH RAILROAD COMPANY, FIRST NATIONAL BANK of PORTLAND and JOHN W. DANA.

Cumberland. Opinion June 1, 1882.

*Stat. 1877, c. 158.   Equity.   Trustee process.*

By the statute 1876, c. 101, as amended by statute 1877, c. 158, a new, more direct and efficacious remedy to a creditor was created by conferring upon the Supreme Judicial Court-jurisdiction in equity, to reach and apply in payment of a debt due to such creditor any property, right, title or interest, legal or equitable, of his debtor residing or found in this state, which cannot become at to be attached on a writ or taken on execution in an action at law, and which is not exempt by law from attachment and seizure.

The proceeding is in the nature of an equitable trustee process, to enable the creditor in one process to establish the validity and amount of his claim against his debtor, and compel the appropriation of the debtor's property of whatever kind, provided it be not exempt or within reach of legal process, in the hands of some third person to the payment of his debt.

There must be some third person made a defendant who sustains the relation of equitable trustee to the debtor. An officer of a corporation cannot be held to sustain that relation to the corporation as a debtor.

ON REPORT.

Bill in equity heard on bill, answer and proof.

The material facts are stated in the opinion.

*William L. Putnam,* for the plaintiff, cited : *Silloway* v. *Ins. Co.* 8 Gray, 199 ; *Barry* v. *Abbott,* 100 Mass. 396, and cases there cited ; *Tucker* v. *McDonald,* 105 Mass. 423 ; *Bresnihan* v. *Sheehan,* 125 Mass. 11.

It is claimed that we cannot hold checks in the hands of Dana, because he was treasurer and held them in his official capacity.

1. We say first, that even if these checks were by contemplation of law, in the possession and control of defendant debtor corporation, so that they were in no sense in the possession or control of Dana, that would be no answer under the circumstances of this case.

At the time when Dana negotiated, and for that purpose indorsed these checks, all parties were aware of the nature of this suit.

Serving the bill upon the railroad corporation and the bank, attached these checks as effectually as a pile of wood might have been attached by a writ at common law ; and every one who was made party to the bill, who knowingly and voluntarily aided in disposing of the checks and defeating the attachment, is as much holden for the debt as would be a person knowingly carrying away from the officer the pile of wood. The advantage here is, that in equity all rights, including rights against the wrong doer who is a party to the bill, can be closed in one suit. Of course the debtor corporation would be primarily liable to make the tort good ; but the corporation being insolvent, the burden falls on Dana, who has been an active participant therein ; and he must protect himself as far as he can by the indemnity promised in the above vote of July 1, A. D. 1880, upon which he saw fit to rely. *Nelson* v. *Bridges,* 2 Beavan, 239 ; *Andrews* v. *Brown,* 3 Cush. 130 ; Story Eq. § 794-9. By filing the bill, complainant acquired a lien, and Dana by acting to defeat that lien, became

a wrong doer in equity. *McDermutt* v. *Strong*, 4 John. Ch. 687.

2. But there is a remedy against Dana by a more direct principle. Although he was treasurer of the corporation, yet with reference to the checks his identity was not absorbed in the corporation. "These checks were in the possession of the treasurer," and their form was such that they could not be, and at least were not negotiated without his indorsement. See *Farmington Savings Bank* v. *Fall*, 71 Maine, 52.

By reason of the fact of the form of these checks, there is no principle involved in the ordinary rule, that funds in the hands of agents cannot be trusteed, which furnishes any analogy applicable to this proceeding in equity.

In *Pettengill* v. *Androscoggin Railroad Company*, 51 Maine, p. 370, it was held that railroad station agents could not be holden by trustee process, for funds in their hands of the corporation employing them. The law is undoubtedly the same in Massachusetts; yet in *Silloway* v. *Ins. Co. ante*, promissory notes were held upon this equitable process in the hands of the general agent of the debtor corporation. See *Phœnix Ins. Co.* v. *Abbott et al.* 127 Mass. 558.

*Webb and Haskell*, for the defendants, cited : *Devoe* v. *Brandt*, 53 N. Y. 462; *Schutt* v. *Large*, 6 Barb. 373; *Jordan* v. *Parker*, 56 Maine, 557; 1 Story Eq. § 410; *Lindsey* v. *Lambert B. and L. Asso.* 4 Fed. Rep. 48; *Sprague* v. *Steam Nav. Co.* 52 Maine, 592; *Phœnix Ins. Co.* v. *Abbott*, 127 Mass. 558.

*Charles F. Libbey*, for the First National Bank, one of the defendants.

VIRGIN, J. For many years the only mode by which a creditor could reach and appropriate to the payment of a debt due to him, the notes, bonds and other like property of his debtor which could not be reached by mesne or final process under the then existing laws, was to reduce his claim to judgment, arrest his debtor on the execution, and then wait for him to disclose and surrender such property. R. S., c. 113, § 36. These statutory provisions allowed sufficient time for debtors to so arrange their

affairs as frequently to render the remedy of but little practical value.

By the stat. of 1876, c. 101, 1877, c. 158, a new, more direct and efficacious remedy was created by conferring upon this court jurisdiction in equity, on a bill by a creditor, to reach and apply in payment of a debt due to him, any property, right, title or interest, legal or equitable, of his debtor residing or found in this state, which cannot be come at to be attached on a writ or taken on execution in an action at law against such debtor, and which is not exempt by law from attachment and seizure.

The essentials of these provisions seem to be, a creditor, a debtor in this state having some valuable legal or equitable interest not exempted by law from attachment or seizure, of such a nature or so situated that it cannot be reached by common law process against the debtor ; and the property sought to be reached held by some third person who may be considered an equitable trustee of the debtor.

The intent of the statute, therefore is to enable a single creditor alone, without first fruitlessly exhausting all legal remedies or reducing his claim to judgment, by this one proceeding in the nature of an equitable trustee process, to establish the validity and amount of his claim against his debtor and compel the appropriation of the debtor's property of whatever kind, provided it be not exempt or within the reach of legal process, in the hands of some third person, to the payment of his debt.    This construction has been given to a somewhat similar statute by the court in Massachusetts in numerous cases among which are the following: *Silloway* v. *Columbia Ins. Co.* 8 Gray, 199; *Sawyer* v. *Bancroft,* 12 Gray, 365; *Crompton* v. *Anthony,* 13 Allen, 33, 37; *Bresnihan* v. *Sheehan,* 125 Mass. 11; *Phœnix Ins. Co.* v. *Abbott,* 127 Mass. 558.

The plaintiff contends that his case is within the new remedy. His material allegations are, that he is the *bona fide* holder of certain bonds with semi-anual interest coupons annexed thereto, issued by the defendant railroad corporation jointly with four other connecting railroad corporations not within this jurisdiction, eighty of which coupons amounting to $2400 are due and unpaid;

that all these corporations are insolvent and neither of them has any attachable property in this state; that the defendant corporation has on deposit in the defendant bank a large amount of money for which the bank has given its cashier's checks payable to the defendant, treasurer of the defendant railroad company, and which are in his personal custody and under his personal control so that they cannot be come at to be attached or seized on execution; and he seeks to have the bank and Dana apply the same to the payment of his coupons.

But from the bank's answer and the deposition of Dana it appears that the bank had no money of the railroad corporation; but that Dana, prior to the service of the bill on its cashier, purchased of the bank four cashier's checks payable to the order of Dana as treasurer of the railroad corporation, issued without any knowledge on the part of the bank of the purpose of the purchase or of the use to be made of them; that prior to the service of the bill, two of the checks had been paid on presentation thereof by indorsees, and the remaining two were paid, on the morning of the next day after service, to *bona fide* indorsees thereof, without notice of any equities attaching thereto. Upon these facts the plaintiff does not ask for a decree against the bank. This disposes of one of the trustees.

From his answer and deposition it appears that Dana, as treasurer and not otherwise, on and prior to June 30, 1880, in order to meet certain first mortgage coupons of $24,000, of the defendant railroad corporation, due and payable the next day (July 1), had accumulated the checks before mentioned amounting to $23,072.27, two of which he appropriated towards the payment to certain of the said first-mortgage coupons the day before they were payable and before service of the bill upon him. That on the morning of the next day after the service of the bill he as treasurer, pursuant to the order of the president and directors of said defendant railroad corporation, negotiated the two remaining checks to certain innocent parties having no notice of the pendency of this suit, in payment of certain of said first mortgage coupons payable that day and held by them; and the

balance of the proceeds thereof received from said parties he applied in payment of the remaining coupons.

There can be no doubt that neither the bank nor Dana could be charged in law as the trustee of the railroad corporation for and on account of the checks. R. S., c. 86, § 55; *Clark* v. *Viles,* 32 Maine, 32; *Skowhegan Bank* v. *Farrar,* 46 Maine, 293; *Bowker* v. *Hill,* 60 Maine, 172, 175. But by this process all kinds of property, including negotiable paper, may be reached.

And neither could Dana be held at law as the trustee for any kind of property belonging to the corporation in his official custody as treasurer; for that is the way and the only way that a corporation can hold its funds. The possession of the treasurer is the possession of the corporation; and the treasurer cannot be charged as the trustee of his corporation for its property in his official custody, for the reason that he is *quoad hoc* the corporation. *Pettingill* v. *And. R. R. Co.* 51 Maine, 370; *Sprague* v. *Steam Nav. Co.* 52 Maine, 592; *Bowker* v. *Hill, supra.*

We do not perceive how it can, or why it should be in anywise different in an equitable trustee process. There must be some third person made a defendant who sustains the relation of equitable trustee to the debtor. *Phœnix Ins. Co.* v. *Abbott, supra.* But if its officers can be summoned as trustees of the corporation then the action is in substance against the corporation as debtor with the corporation as trustee. *Pettingill* v. *And. R. R. Co. supra.*

We are aware that in *Silloway* v. *Columbia Ins. Co. supra,* the only trustee summoned, was the agent of the company resident in Massachusetts, the company being located in South Carolina. Our answer is that the question was not raised in that case. So several cases have been maintained in Massachusetts wherein no equitable trustee was made a party defendant because the question was not raised. SOULE, J., in *Phœnix Ins. Co.* v. *Abbott,* 127 Mass. 561. Again, the Massachusetts statute, where *Silloway* v. *Columbia Ins. Co.* was decided, expressly provided for the maintenance of the bill when the debtor did *not* reside in the commonwealth — the purpose of the statute being to reach property belonging to a non-resident debtor. BIGELOW, J., in *Davis* v. *Worden,* 13 Gray, 306.

Inasmuch therefore as there is no equitable trustee holden, the bill musf be dismissed with costs.

APPLETON, C. J., WALTON, BARROWS, DANFORTH and SYMONDS, JJ., concurred.