CECILIA C. RICKETSON *vs.* GEORGE B. MERRILL & others.

Bristol.    October 24, 1888. — November 28, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Devise with Direction to sell — Creditor of Devisee — Equitable Attachment — Executor — Trust — Equity Practice — Decree — Expenses and Counsel Fees.*

A testator, who in his lifetime had made unequal advancements to some of his children, by his will devised his entire estate to his executors, to be sold, certain real estate here and in another State to be held by them for ten years unless specified prices could be obtained sooner, and directed them out of the proceeds, first to make the shares of his other children equal to that of the one who had received the largest advancement, and then to divide the remainder among them equally. A creditor's bill was brought under the Pub. Sts. c. 151, § 2, cl. 11, as amended by the St. of 1884, c. 285, against a child and the executors, after a partial sale and distribution of the estate. *Held,* that the trust was one annexed to and not distinct from the office of executor; that each child took a vested interest unattachable at law, the value of which could be ascertained, and which he could assign or dispose of by will; and that the creditor was entitled to a decree appropriating from the proceeds in the executors' hands, or which might come to them for the debtor, whether from sales of land here or elsewhere, enough to pay the debt.

The decree recited that the executors, either as such or as trustees, should account with the creditor for such sums as might "now or hereafter" be held by them for the debtor, until the debt was fully paid; that payments should be made as they might reasonably be enabled to make distributions of the estate, substituting the creditor for the debtor to the extent of the debt; that they might charge their expenses and counsel fees in the proceeding to the debtor's share; and that they might continue to make distributions to the other children. *Held,* that the decree, the last clause being stricken out, under a power reserved, as inappropriate, should be affirmed.

BILL IN EQUITY, under the Pub. Sts. c. 151, § 2, cl. 11, as amended by the St. of 1884, c. 285, filed in the Superior Court on February 7, 1887, against George B. Merrill and the executors of the will and codicil of his father, Edward Merrill, to reach and apply in payment of a debt due to the plaintiff from George B. his interest in the estate. The will, which was dated May 29, 1883, contained the following provisions, which alone are material.

"Seventh. It is my desire in the disposal of my property to do equally with my children, and, as I have made advances to some of them in different amounts, I order and direct that the sums set against the names of my children respectively in this clause of my will shall be taken and considered as so much advanced to them respectively towards their shares of my estate, viz." Here followed a list of the advancements, that to the testator's son John being the largest.

"Eighth. All the rest, residue, and remainder of my property and estate of every description, real and personal, after the payment of my debts, I give and devise to my executors hereinafter named, and to the survivor of them, upon the following trusts, and for the following purposes, viz.: The said executors and the survivor of them shall proceed to sell by public or private sale, as soon as it can conveniently be done, [here followed a list of real and personal property,] and shall pay over the proceeds of said sales to my children, Edward, Charles, George, Frank, and Mary, to equalize, as far as said proceeds will go, their several sums, with the amount charged against John in the seventh clause.

"The rest of my real estate, viz. [here followed a list, including land in California,] my said executors and the survivor of them shall hold and keep for the term of ten years from and after my decease, unless within that time the said property can be sold for the following prices. . . . When these prices can be obtained, the said property is to be sold. And until such sale, said executors and the survivor of them shall rent said property, getting such income from the same as can be obtained, and, after paying the expenses of managing said property and the taxes, they shall use and apply said income in equalizing the sums mentioned in the seventh clause of this will. They shall also use and apply so much of the proceeds of said property when

sold as may be necessary to fully equalize said sums, reckoning no interest on the same, and the balance of the said proceeds shall be paid over in equal shares to my six children, viz. John, Mary, Edward, George, Charles, and Frank.

" My said executors and the survivor of them are authorized to use their judgment and discretion as to selling the above mentioned property within the ten years, even if the above named prices can be obtained, and they are also authorized to use their discretion as to the time of selling after the expiration of the ten years. If it shall be deemed for the best interest of all concerned, the time of selling may be deferred."

The codicil, which was dated June 14, 1883, was as follows :

" All sums of money given to my children in my said will, and all sums paid to them by my executors under said will, are given to them and are paid to them for the benefit of their heirs respectively, and are not to be in any way or manner liable for their debts, or taken by their respective creditors, if any, in any way or form. By equalizing the sums in the seventh clause, I mean that all my children are to receive sums equal to the sum therein charged against John, and then they are to receive equally."

Hearing before *Thompson*, J., who reported the case for the determination of this court, in substance as follows.

George B. Merrill, against whom the bill was taken for confessed, was indebted to the plaintiff, a widow, in the sum of $7,357.67 upon a judgment duly rendered in the Superior Court of California. No part of the judgment had ever been paid, and he had no property or estate which could be come at to be attached unless his interest in the estate of his father, Edward Merrill, was attachable. The real estate of the testator was inventoried at $68,000, and the personal estate at $24,726.06, upon which there was a gain of $5,100, and from which was deducted the advancements, which amounted to $16,692.37. All the testator's pre-existing debts and his funeral expenses, amounting to about $1,800, had been paid. Before the filing of the bill, George B. had received his share of one distribution made by the executors to the children, being the proceeds of real estate which they were directed to sell at once, but his share of another distribution, amounting to $401.78, made by them since the bill was

filed, was still in the hands of the executors to await the result of this suit. The property which the executors were directed not to sell for ten years unless the prices specified, which were largely in excess of the inventory, could be obtained sooner, was still unsold. No trust account or trustees' inventory had ever been filed, and no trustees under the will had ever qualified. The judge made the following decree :

" Upon hearing the above entitled cause, it appearing to the court that the plaintiff is a creditor of George B. Merrill and equitably entitled to be substituted for him as recipient, to a certain extent, of anything to which he may become entitled under the will of Edward Merrill, and that such substitution may be duly effected under the bill in equity, and the bill having been taken for confessed as against said George B. Merrill, it is ordered, adjudged, and decreed, that said Edward B. Merrill, James H. Myrick, and Southard Potter, 2d, the survivor or survivors of them, as they are executors or trustees under the will of Edward Merrill, deceased, shall account with the complainant for such sums of money, if any, as under the administration of the will of Edward Merrill may now or hereafter be holden for the account of said George B. Merrill by said Edward B. Merrill, James H. Myrick, and Southard Potter, 2d, (or the survivor or survivors of them,) either received in the capacity of executors of said will, or of trustees under said will, and whether from rents, sales of real estate, or otherwise, until the sum of seven thousand three hundred and fifty-seven and $\frac{67}{100}$ dollars from the said George B. Merrill to the complainant, with interest thereon at the rate of six per cent from the first day of October, A D. 1888, and the costs of this suit, be satisfied.

" It is contemplated by this decree, that the payment above provided may be made from time to time, or otherwise, as the future administration of the said will may enable said Edward B. Merrill, James H. Myrick, and Southard Potter, 2d, reasonably to make distributions under said will, and whether in its administration they act as executors or as trustees, and whether the distributions are from rents, sales of real estate, or otherwise, to the end that said Cecilia may, to the extent above provided, be substituted for the said George B. Merrill as a beneficiary under said will.

"And it is further adjudged, that until trustees under said will shall be qualified, the said executors may make distributions to the children of said Edward Merrill and their legal representatives of any net assets from rents, sales, or otherwise, that may be received by them, and that said executors may charge for their expenses and counsel fees herein against the share of said George B. Merrill, which charge shall be preferred to any rights of the plaintiff or of said George B. Merrill."

If the decree was justified by the facts, it or a modified decree was to be entered for the plaintiff; otherwise, the decree was to be set aside.

*C. W. Clifford*, for the plaintiff.

*T. M. Stetson*, for the executors.

DEVENS, J.    The plaintiff has established the debt due from the defendant, George B. Merrill, by proof of a judgment regularly rendered against him by the Superior Court of the State of California.    By a bill framed under the Pub. Sts. c. 151, § 2, cl. 11, as amended by the St. of 1884, c. 285, she seeks to have applied, so far as may be necessary for the payment of her debt, the right, title, or interest which George B. may have in the estate of his late father, Edward Merrill, by a decree that shall direct the other defendants, as executors or trustees under the will of Edward Merrill, to account to her for such sums of money as they may have received, or may hereafter receive, in either capacity, for the benefit of George B. Merrill, until the debt due her shall be paid, and to this extent substituting her claim for that of George B. Merrill under the will.

It is found that George B. has no property in this State which is attachable, unless his interest in the estate of his father is so. The will here in question, in connection with the codicil thereto, has been once before the court for construction, and it has been held that by the codicil, which provided that all sums of money given by the testator to his children should be paid to them respectively, and should not be liable in any manner for their debts, it was not intended by the testator to deprive his children of the ownership of the property given to them by the will, but rather to annex to such ownership a condition or limitation "to which, however, no legal effect can be given." *Potter* v. *Merrill*, 143 Mass. 189, 192.

The right or interest of George B. in the estate of his father is to be determined by the eighth article of the will, which gives all his property, both real and personal, to his executors, to be sold, directing that certain valuable pieces of real estate should not be sold until the expiration of ten years, unless within that time certain prices named could be obtained. In a previous clause the testator had recited the different amounts he had advanced to his several children, and had directed that these should be taken and considered as advancements towards their share of his estate, and in the eighth clause he directs that the sums received from the sale of his property, both that which the executors were entitled absolutely to sell and that which they might be required to keep for ten years, shall be applied first to equalize the shares of his other children with that of John, who had received the largest amount, and then that the remainder shall be divided equally among his children.

Under this will the interest of George B. was not, as such, attachable. He acquired thereby no title to any real or personal estate whatever, nor did he receive a legacy definite in its character, or of any specified article or sum. After the property had been turned into money, and after others had received enough to make the amounts they had received equal to what had been advanced to him, he was entitled to a dividend on the remainder, first to make his share equal to that of the son John, who had received the largest amount, and, when advances were thus equalized, then to his share of the equal division thereafter to be made among all the children. Valuable as this right is found to be, it is not a right in the property of the testator as such, but is a right to a dividend when the property of the testator shall have been sold and the account of the executors settled.

Since this suit was brought the executors have made a distribution to the other children, and hold now for George B. Merrill's interest the sum of $401.78, to await the determination of this suit. According to the facts as found, a considerable sum awaits distribution, and no sale has yet been made of those portions of the estate which the testator had directed should be kept, unless specified prices could be obtained. The next inquiry is, therefore, whether, and to what extent, the creditor, Mrs. Ricketson, can be substituted as a beneficiary for George

B. Merrill by a decree binding the executors to account to her until her debt shall be paid. The scope of the Pub. Sts. c. 151, § 2, cl. 11, has been much enlarged by the St. of 1884, c. 285, and many difficulties which have been found in the execution of the original section do not now exist. The interest of George B. is a vested interest, the value of which could be ascertained by a sale, an appraisal thereof, or other means within the usual procedure of courts. Nor is it an objection, that, so far as it is affected by sales to be hereafter made, it cannot be reached or applied until a future time. The principal reason suggested against a decree which shall compel the executors to pay over the share of George B. Merrill, so far as it may be necessary now or hereafter, as it may be realized to the plaintiff, is, that the gift or devise is outside of the duties of executorship, and may compel them to hold the estate in prolonged trust for many years, that properly qualified trustees are necessary for this, and that they have neither accepted such trust duties nor qualified. The facts show that they have been performing trust duties by selling portions of the estate, and by partial distributions of the estate in conformity with the will. No other trustees than the executors are contemplated by the will, and their bond as such would cover the performance of these trust duties. *Prior* v. *Talbot*, 10 Cush. 1. They have not been acting illegally in performing these duties.

The case is not presented in which it would be the duty of the executors to close their account as such, and to transfer the balance in their hands to others, or to themselves in a distinct capacity, for the purpose of continuing to hold the property thus transferred for a definite or indefinite period, in order to carry out purposes distinct from the settlement of the estate. The method adopted for the settlement of the estate by the testator is, that the executors shall turn it into money, and then divide it among his children, subject to the equalization between them which he has thought just. It is true that it may be ten years before they will be able to do this; but it is also true that it may be closed at once. When they have settled their accounts, and paid the amounts due to the beneficiaries, there will be no trust remaining. Whatever there may have been in the nature of a trust will have been ended by their complete performance

of their duties as executors. In our view, the trust is one an-nexed to, and not distinct from, the office of executor. *Carson* v. *Carson,* 6 Allen, 397. *Attorney General* v. *Barbour,* 121 Mass. 568. It is not necessary to consider whether, if it were other-wise, as there are no persons mentioned to execute the trust except the executors, a decree might not be so framed as to affect them as trustees should they be compelled to take out letters as such.

It is further urged against the proposed decree, that the trust to sell the property, etc. is an indivisible one, and that the court has no jurisdiction over the California real estate. George B. Merrill's right is to receive a certain sum from the executors, which they have collected or may hereafter collect under the will, by the exercise of the power given them to sell his real and personal property. Whether that property is at home or abroad, so far as they receive it and are accountable for it here, it may properly be affected by our decree. Nor do we perceive that such a decree will in any way embarrass the scheme of the testator, so far as it provides for the equalization of the shares of his children, which the defendants suggest may be its effect. The creditor is put in George B. Merrill's place simply until his debt is paid. But no more and no less is paid for that reason on his share. As he could assign this share, or transfer it by will, there is no reason why a creditor ought not, after proper proofs and proceedings, to be allowed to stand in his place, and receive thus the amount of his debt.

The first paragraph of the decree is that alone on which the plaintiff insists. It provides that the defendants, as executors or trustees under the will of Edward Merrill, shall account with the plaintiff for such sums of money as, under the administra-tion of Edward Merrill's will, may now or hereafter be held by them for George B. Merrill, and for which they would be liable to account to him, whether received by them in either capacity, and whether derived from rent, sales of real estate, or otherwise, until the plaintiff's debt is fully paid. It would seem from the report of the case that there are now funds in the hands of the executors, to the distribution of his portion of which George B. Merrill would be entitled. So far as the decree relates to sums yet to be collected, it follows in substance the form heretofore

used where there were funds yet to be collected or acquired. *Barry* v. *Abbot,* 100 Mass. 396. *Lord* v. *Harte,* 118 Mass. 271. We see no objection to this paragraph of the decree, nor do we see any serious objection to that which follows, which would appear to have been inserted at the request of the executors, and which provides that the payment shall be made as the future administration of the estate, whether as executors or trustees, shall enable the executors named reasonably to make the distributions, substituting to the extent of her debt the plaintiff for George B. Merrill, although this paragraph appears to be superfluous.

The third paragraph, in its first clause, provides that the executors may continue to make distributions to the other children, and is a general direction as to the management and settlement of the estate. This clause is not appropriate to the present proceeding, and should be struck out of the decree, under the power given us by the reservation to modify it. The second clause, which permits the executors and trustees to charge their expenses or counsel fees to the share of George B. Merrill, in preference to any rights of the plaintiff or George B. Merrill, should be retained. It is not right that the general estate, or any other portion of it, should bear the expense of this controversy; and where the principal debtor has not appeared, so far as expenditures were necessary, to bring clearly to the attention of the court the consideration of the duty which devolved upon the executors in the premises, they are a proper charge upon the fund in their hands. The principle is the same as that by which the holders of a similar fund have always been allowed to retain, as against the creditor seeking to avail himself of it, the amount of their own lawful claims. *Barry* v. *Abbot,* 100 Mass. 396. With the modification above suggested,

*Decree affirmed.*