SUMNER CHENEY *vs.* L. W. GLEASON & others.

Middlesex. Jan. 20. — May 8, 1875. AMES & ENDICOTT, JJ., absent.

A bill in equity alleged that a deed of land was procured from the plaintiff by the fraud of the defendant; that the defendant had conveyed the land to a purchaser in good faith, who had given a mortgage to the defendant in part payment of the purchase money; and prayed that the defendant be ordered to transfer the mortgage to the plaintiff, and that the defendant make restitution in damages. *Held*, on demurrer, that the plaintiff had not an adequate remedy at law, and that the bill might be maintained.

BILL IN EQUITY to compel the defendants to transfer a mortgage to the plaintiff. The defendants demurred on the ground that the plaintiff had a plain and adequate remedy at law. The nature of the case appears in the opinion.

*A. Cottrell*, for the defendants.

*W. S. Gardner*, for the plaintiff.

COLT, J. The plaintiff charges in his bill, as amended, that a deed was procured from him conveying a parcel of land to the defendant Kiles P. Gleason, by means of the false and fraudulent representations of the defendant L. W. Gleason, a broker employed by the plaintiff to sell the same for him on commission; that Kiles P. was a party to the fraud; and that the land was afterwards conveyed to a third person who purchased the same in good faith without knowledge of the fraud, and gave

back to Kiles P. a mortgage, which he now holds, to secure part of the purchase money. The prayer is that the defendants may be restrained from transferring this mortgage to any other person, and may be required to assign the same to the plaintiff, make restitution in damages, and for general relief.

It is clear, upon these allegations, that an action at law would not furnish an adequate and complete remedy. The plaintiff seeks to obtain possession of the mortgage security still held by one of the parties to the original fraud as part of the avails of the land conveyed by the plaintiff. The land itself has passed beyond his reach. But it is an established doctrine that when the legal estate is acquired by fraud, the taker is regarded in equity as trustee of the party defrauded, and such party may recover the estate or its avails, when distinctly identified, from the party or parties charged with the fraud. Adams Eq. 144. *Small* v. *Attwood*, Younge, 507. The plaintiff may, therefore, in this case, enforce his equitable title to the mortgage in question, and at the same time recover for all damages he may have suffered beyond that. This he cannot do at law, and this is enough to uphold the jurisdiction. *Dodd* v. *Cook*, 11 Gray, 495. *Whittemore* v. *Cowell*, 7 Allen, 446.          *Demurrer overruled.*