TIMOTHY BRESNIHAN *vs.* JOHN SHEEHAN & another.

Norfolk.    Jan. 25, 1877. — June 27, 1878.    MORTON, ENDICOTT & SOULE, JJ., absent.

If a wife, without her husband's knowledge or assent, deposits his wages, placed in her hands for safe keeping, in a savings bank, and uses the deposit with money of her own in the purchase of land, the title to which she takes and holds in her own name, the husband has an equitable interest in the land, to reach and apply which, in payment of his debt, a creditor of the husband may, under the Gen. Sts. *c.* 113, § 2, *cl.* 11, maintain a bill in equity against him and his wife.

BILL IN EQUITY, under the Gen. Sts. *c.* 113, § 2, against John Sheehan and Ellen Sheehan, his wife. Ellen Sheehan demurred for want of equity. Hearing upon the bill and demurrer, before *Ames*, J., who reserved the case for the consideration of the full court. The facts appear in the opinion.

*E. C. Bumpus*, for Ellen Sheehan.

*W. E. Jewell*, for the plaintiff.

COLT, J. Under our statute, a creditor may maintain a bill in equity to reach and apply in payment of his debt any property, right, title or interest, legal or equitable, of a debtor which cannot be come at to be attached or taken on execution. Gen. Sts. *c.* 113, § 2, *cl.* 11. A creditor may thus reach the equitable assets of his debtor, without having exhausted his remedies at law or reduced his claim to a judgment. *Tucker* v. *McDonald*, 105 Mass. 423. He may enforce in his own name and for his own benefit, to the extent of his interest as creditor, the equitable

title of his debtor to any property, real or personal, within the jurisdiction of the court, which cannot be taken on execution.

This bill is brought against husband and wife by a creditor of the husband. The plaintiff alleges that the husband deposited all his wages with the wife for safe keeping; that the latter, without the husband's knowledge, deposited the same in a savings bank, from time to time, and, without his knowledge or assent, used the amount so deposited, together with some money she had borrowed on her sole credit, in payment for certain real estate, the title to which she took and still holds in her own name. It is not alleged that this was done by the wife with any purpose on her part of aiding her husband to delay or defraud his creditors.

The prayer of the bill is that the property of the husband, thus appropriated by the wife, may be applied to the payment of the plaintiff's debt, and, to that end, that the land may be conveyed to a receiver to sell the same or so much of the same as may be necessary.

In support of the demurrer, it is contended that the plaintiff has no remedy against the land in question, either at law or in equity. It is clear that the land cannot at law be attached, or taken on execution, as the property of the husband. It has been recently decided that when land was conveyed to the wife, which was paid for in part by the husband and in part by the wife, without any participation by the latter in the fraudulent intent of the husband to defraud his creditors, the same could not be reached under the Gen. Sts. c. 103, § 1, which authorize a creditor to levy on land fraudulently conveyed or paid for by the debtor the record title to which is in another. In the case referred to, the debtor, with a purpose to defraud his creditors, paid part of the purchase money, and his wife innocently paid the rest and took the title in her own name. It was held that the equitable interest of the debtor, if any, which arose from his part payment of the purchase money, could not be reached by the levy of an execution. *Snow* v. *Paine*, 114 Mass. 520.

Nor, upon the facts alleged, does this land come within the other description named in the statute last cited, namely, that of land purchased, or directly or indirectly paid for, by the debtor, the title to which is conveyed to a third person, on a trust for

him, express or implied, whereby he is entitled to a present conveyance. A resulting trust is not created in favor of one who pays directly or indirectly part of the purchase money for land conveyed to another, unless such payment is made for some specific or distinct portion of the estate. *McGowan* v. *McGowan*, 14 Gray, 119. *Snow* v. *Paine*, above cited. The money here appropriated by the wife was used with her own money, in a general payment towards the entire purchase, and the husband was not entitled, at law or in equity, to a present conveyance of the whole or of any distinct or aliquot portion of the whole.

The plaintiff's claim is that the husband has an equitable interest which may be reached and applied, under the statute first cited, by a decree in his favor. The money of the husband was deposited with the wife for safe keeping; she held it as bailee in trust for him. It was a breach of that trust, and a fraud upon him, for her to use it without his knowledge in the purchase of real estate, and he has a right, at his election, by proper proceeding in equity, to charge the land so purchased and held by her, to the extent of the money so wrongfully appropriated. The practical difficulty, in cases where a misappropriation of money is charged, arises from the difficulty of identifying and following it in its changed conditions into other property. But, in the language of Lord Ellenborough, in a well considered case, " the difficulty which arises in such case is a difficulty of fact and not of law, and the dictum, that money has no ear-mark, must be understood as predicated only of an undivided and undistinguishable mass of current money," and not of " money in a bag, or otherwise kept apart from other money." *Taylor* v. *Plumer*, 3 M. & S. 562, 575. And it was declared by Gibson, J., in *Wallace* v. *Duffield*, 2 S. & R. 521, that it was certainly law, that money, although it had no ear-mark, might be followed into the land where it had been invested, in cases where the purchaser stood as trustee in relation to the fund. The trustee in such case ought not to be permitted to defeat the claim upon the land, so long as he continues to hold the title, by proving only that he contributed to the purchase money and mingled his own money with the money of the plaintiff. *Deg* v. *Deg*, 2 P. Wms. 412.

These doctrines have been recognized in many American cases. In *Day* v. *Roth*, 18 N. Y. 448, the plaintiff's money

held oy one of the defendants for investment on her account, was invested in land, which was conveyed to the other defendant with knowledge that the money was so misappropriated. The plaintiff's money was part only of the whole sum paid in the purchase and improvement of the land. It was declared that the fund was impressed with the characteristics of a trust, and that the plaintiff had the right to follow and claim it, so long as she could trace its identity, into whatsoever hands it might be transferred, and to charge it upon any man's estate in which she might find it invested, who was not an innocent purchaser; that the estate was chargeable with an equitable lien in her favor in the nature of a resulting trust; and that she was entitled to a judgment for a sale of the property as upon foreclosure, in default of payment within a time named.

In *McLarren* v. *Brewer*, 51 Maine, 402, it was declared to be the settled doctrine, both in law and equity, that a mere change of property from one form to another cannot divest the owner of his property in it so long as it is capable of identification; and that money itself may be so followed.

In *Wallace* v. *Duffield*, above cited, it was said by Gibson, J., that when a trustee purchases with the trust fund and takes the conveyance in his own name, there is properly speaking no resulting trust, though it is usually called so; for there is in equity a very substantial difference between them, both in the quality and extent of the relief that can be called for. In the former, the trustee will be compelled to execute the trust by a conveyance of the land. In the latter, chancery will raise the money out of the land by a sale of the whole, or such part of it as may be necessary to produce the sum withdrawn; and this mode is peculiarly convenient where only part of the consideration has been taken from the trust fund. See also *Cheney* v. *Gleason*, 117 Mass. 557; *Oliver* v. *Piatt*, 3 How. 333; *Kirkpatrick* v. *M'Donald*, 11 Penn. St. 387; Adams Eq. 33, note; 2 Story Eq. Jur. §§ 1258, 1259.

In the law of agency, the doctrine is more frequently applied, and, when the money of the principal has been wrongfully invested by the agent in land, equity will follow it into the land. and hold the legal owner, charged with notice, trustee for the benefit of him whose money has been so invested. Story Agency § 229.

In the case at bar, upon the facts stated in the bill, the husband has an equitable lien upon the land conveyed to and now held by the wife. It is a valuable interest which cannot be come at to be attached or taken on execution. *Robinson* v. *Trofitter*, 109 Mass. 478. It may therefore, under the statute, be reached and applied by the plaintiff to the payment of his debt, by bill in equity.                                        *Demurrer overruled.*