Samuel McKean *vs.* City of Salem.

Essex.    November 10, 1888. — November 28, 1888.

Present: Morton, C. J., Field, Devens, C. Allen, & Knowlton, JJ.

*Personal Injuries — Highway Defect — Exceptions — Charge to Jury as to Matters of Fact.*

At the trial of an action against a city for an injury caused by falling upon an icy sidewalk, the judge, after stating that the first question was that of the plaintiff's due care, which he defined, instructed the jury that " the plaintiff's testimony is the only direct testimony that you have upon the subject, and if you believe that testimony you would be justified in finding that he was in the exercise of due care, and that so far he had sustained the burden of proof which the law imposes upon him, to satisfy you by a fair preponderance of the evidence that he was in the exercise of due care." The judge then stated to the jury, that it was a city's duty to keep its ways reasonably safe, that slippery ice thereon did not constitute a defect rendering it liable until it had remained so long as to become rough and form an obstacle to travel, and that it was immaterial that ice existed upon the sidewalk at the place in question two days before the accident unless they were satisfied that such ice remained at the time of the accident and rendered the way unsafe or inconvenient for travellers, and instructed them as to the alleged defect, that according to the plaintiff's evidence " it was a ridge of ice, more or less rough ice ; that would justify you, if you believed that testimony, in finding that it was a defect if it had remained for a sufficient length of time for the officers of the city to have had notice of it " and to have remedied it. *Held,* that these instructions were not erroneous as a charge with respect to matters of fact.

The judge also instructed the jury, in accordance with the evidence, that the plaintiff's testimony tended to show that the ice was in the same condition on Sunday, the day of the accident, as it had been on Friday and on Saturday, — "substantially the same condition, the same old ice there "; while the evidence for the defendant tended to show that there was no ice there on Saturday night, or if so it was covered with ashes ; and refused to instruct them that " there was no evidence that the ice existing upon said sidewalk upon Sunday existed upon said sidewalk upon Friday." The judge also instructed the jury, in view of a heavy rainfall on Saturday night, that the further question might arise, whether, if the ridge of ice existed on Saturday morning, it had been so changed by the rain of the following night as to cease to be the same defect; adding the statement, that " a defect does not cease to be the same defect merely because of some alteration in it by the elements," of which statement he gave an illustration. *Held,* that the defendant had no ground of exception.

Tort for personal injuries occasioned to the plaintiff by a defect in a sidewalk of a street in the defendant city.

At the trial in the Superior Court, before *Lathrop*, J., the plaintiff introduced evidence that he was injured on Sunday

morning, January 2, 1887, by falling upon ice upon a sidewalk on Pond Street, a highway which the defendant was bound to keep in repair; that at the time of the accident the sidewalk was covered with rough slippery ice, four or five inches thick, upon which there was neither ashes nor sand; that at the time he was travelling along the sidewalk in the exercise of due care; and that, as the plaintiff himself and two other witnesses called by him testified, as early as Friday, December 31, 1886, the sidewalk was covered with rough ice, which continued in substantially the same condition at the time of the accident.

The defendant introduced evidence tending to show that between Friday night and Saturday night there had been a heavy rainfall; that on Saturday night and Sunday morning there was freezing weather, and new ice was formed; that on most of the sidewalks of the city the rain had washed off the old ice; and that the sidewalk at the place in question was cleared and covered with ashes on Sunday morning, prior to the accident, so that there were no ridges of ice upon it.

The judge instructed the jury, so far as material, as follows:

" The first question, gentlemen, for your consideration, will be whether the plaintiff was in the exercise of due care at the time he fell. Due care is simply ordinary care, such as any man would use in walking along a street in the condition that the street was in. The plaintiff's testimony is the only direct testimony that you have upon the subject; and, if you believe that testimony, you would be justified in finding that he was in the exercise of due care, and that so far he had sustained the burden of proof which the law imposes upon him, to satisfy you by a fair preponderance of the evidence that he was in the exercise of due care.

" The next question, gentlemen, is whether there was a defect in the highway for which the city of Salem is responsible. At common law a city or town was not liable for an injury occasioned by a defect in a highway, but certain duties are imposed by statute in this Commonwealth upon cities and towns. They are required to keep highways in repair so that the same may be reasonably safe and convenient for travel at all seasons of the year; and a city is liable if a person receives upon them injury through a defect or want of repair which

might have been remedied, or which might have been pre-
vented by reasonable care and diligence on the part of the city.
. . . A town or city is not liable for what is known as slip-
pery ice. That is, in our New England climate, rain may fall
and cover the sidewalk and make it very slippery : that is not
enough to hold a city responsible ; that is not a defect for
which a city is responsible. But if the snow and ice remain
there for such length of time as to form ridges or become
rough so that it presents an obstacle to travel, that is a de-
fect for which a city may be liable. One question in this case
is, What was the defect by which this person was injured, and
how long had it remained there? According to his testimony
and the testimony of his witnesses, it was a ridge of ice, — more
or less rough ice. That would justify you, if you believed that
testimony, in finding that it was a defect if it had remained
there for sufficient length of time for the officers of the city to
have had notice of it, — a reasonable length of time for them
to have had notice of it and to have remedied it.

"It appears in evidence, from the plaintiff's testimony and
from the defendant's testimony, that on Saturday night there
was a very heavy rain. Of course it is a question for you to
consider, and one question which would arise is whether the
defect, if one had existed on Saturday morning, for example, —
if this ridge of ice and accumulation of snow had existed on
Saturday morning, whether that had been so changed by the
rain which came on Saturday night that it ceased to be the
same defect. Now I take it that a defect does not cease to
be the same defect merely because of some alteration in it by
the elements. For example, suppose an iceman should leave
a large block of ice on a sidewalk, and it should remain there
for a length of time sufficient for the city to have notice of
it, a person walking along there at night might stumble against
it and be injured. Now, if that constituted a defect, it would
not cease to be the same defect because during the night there
had been rain which had washed away a portion of it, if it was,
after being washed away, still a defect ; but if that entire piece
were washed away and another piece should be put there a
short time before the accident occurred, why, that, although
it would be equally bad, would not be the same defect, and the

city in that case, if it had not had reasonable time to learn of the existence of the second piece, would not be liable. That illustrates the difference between two different defects, and a defect which may be modified by the action of the elements or in any other way and still remain a defect. It is of some importance in this case to determine whether this ice which was there on Sunday morning, if you believe the testimony of the plaintiff's witnesses that ice existed, was the same defect, the same ice, which was there on Friday morning, or whether it was new ice which was formed there by the rain on Saturday night, and which became ice by freezing on Sunday morning; because then you might say, if you find that the ice came from the rain on Saturday night, and from the freezing Sunday morning, that it had not remained there for a sufficient length of time for the city to have had time to remedy it. I need not go over the testimony in detail on that, because it is for you to consider. The plaintiff's testimony tends to show that the ice was in the same condition on Sunday as it had been in on Friday and on Saturday, — substantially the same condition, the same old ice there; while the evidence for the defendant would tend to show that there was no ice there on Saturday night, or if there was ice it was covered with ashes, and so on.

"Now, gentlemen, the burden, as I have said, is upon the plaintiff to satisfy you of these three things: that he was in the exercise of due care, that there was a defect in the highway, and that the defect had existed for such a length of time that the city had reasonable opportunity to know of it, or, with the exercise of reasonable care, ought to have known of it, and had time to remedy it."

The defendant thereupon excepted to the following portions of the above instructions:

1. "The plaintiff's testimony is the only direct testimony that you have upon the subject, and if you believe that testimony you would be justified in finding that he was in the exercise of due care, and that so far he had sustained the burden of proof which the law imposes upon him, to satisfy you by a fair preponderance of the evidence that he was in the exercise of due care."

2. "According to his testimony and the testimony of his witnesses, it was a ridge of ice, more or less rough ice. That would justify you, if you believed that testimony, in finding that it was a defect if it had remained there for a sufficient length of time for the officers of the city to have had notice of it, — a reasonable length of time for them to have had notice of it and to have remedied it."

3. "The plaintiff's testimony tends to show that the ice was in the same condition on Sunday as it had been in on Friday and on Saturday, — substantially the same condition, the same old ice there; while the evidence for the defendant would tend to show that there was no ice there on Saturday night, or if there was ice it was covered with ashes, and so on."

4. "If this ridge of ice and accumulation of snow had existed on Saturday morning, — whether that had been so changed by the rain which came on Saturday night that it ceased to be the same defect. Now I take it that a defect does not cease to be the same defect merely because of some alteration in it by the elements. For example, suppose an iceman should leave a large block of ice on a sidewalk, and it should remain there for a length of time sufficient for the city to have notice of it, a person walking there at night might stumble against it and be injured. Now, if that constituted a defect, it would not cease to be the same defect because during the night there had been a rain which had washed away a portion of it, if it was, after being washed away, still a defect; but if that entire piece were washed away and another piece should be put there a short time before the accident occurred, why, that, although it would be equally bad, would not be the same defect, and the city in that case, if it had not had reasonable time to learn of the existence of the second piece, would not be liable."

The defendant asked the judge to instruct the jury as follows :

1. "That there was no evidence that the ice existing upon said sidewalk upon Sunday existed upon said sidewalk upon Friday."

2. "It is immaterial that ice existed upon said street upon Friday or Saturday upon the place where the plaintiff fell, unless the jury are satisfied that such ice remained upon said sidewalk, was there at the time of the accident, and rendered

said street not reasonably safe and convenient for travellers. If ice existed upon said street upon Friday or Saturday, and melted or was removed, and other ice formed during said storm, then the existence of said ice upon Friday and Saturday as aforesaid is of no importance."

3. "If the jury find that the storm rendered the street not reasonably safe and convenient for travel, and that but for such storm said street would have been reasonably safe and convenient for travel, then no defect is shown."

The judge refused to give the first instruction requested, but gave the second and third, substituting for the words "then no defect is shown" the following :

" Then the question for them (the jury) to consider is whether the defect, if any existed, had remained for such a length of time that the proper officials of the defendant city by the exercise of reasonable care and diligence might have had knowledge of it in time to have remedied it or to have prevented the injury."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*F. L. Evans*, for the defendant.

*H. P. Moulton*, (*J. F. Quinn* with him,) for the plaintiff.

KNOWLTON, J.   The defendant contends that the parts of the charge numbered 1 and 2 were in violation of the Pub. Sts. c. 153, § 5, which provides that " the courts shall not charge juries with respect to matters of fact, but may state the testimony and the law."   It is often difficult to determine whether a judge's reference in his charge to matters in evidence is objectionable under this statute, or is justifiable as a statement made for the purpose of aiding the jury in understanding the issues, and in applying to the facts the principles of law by which the case should be governed.   In doubtful cases, it is commonly a question of interpretation, and such it is in the case at bar.   If these instructions were expressions of opinion in regard to the facts, they were erroneous.   *Commonwealth* v. *Barry*, 9 Allen, 276.   But, upon the whole bill of exceptions, it is not clear that they were intended by the judge, or understood by the jury, to go further than to tell them that there was evidence which was sufficient in law to warrant a finding for the

plaintiff upon each of the propositions to which the instructions referred.

Upon the subject of care, the judge first stated what the question was, and that it was for the consideration of the jury. He then gave them a definition of due care, the correctness of which has not been questioned. Then followed the first of the instructions excepted to, which did not deal with particular evidence, and which we think may be interpreted, not as expressing an opinion that upon the testimony they ought to find in favor of the plaintiff, if they believed him, but that the testimony would "justify," or warrant, a finding that he was in the exercise of due care, if they were inclined to give it that effect. *Commonwealth* v. *Clifford,* 145 Mass. 97. *Commonwealth* v. *Lawless,* 103 Mass. 425.

The second of the instructions excepted to must also be considered in connection with other parts of the charge. The jury had previously been instructed as to the general duty of cities and towns to keep their highways reasonably safe and convenient for travel. Of slippery ice covering a sidewalk, the judge said, " That is not a defect for which a city is responsible, but if the snow and ice remains there for such length of time as to form ridges or become rough, so that it presents an obstacle to travel, that is a defect for which a city may be liable." He also afterward instructed them, at the request of the defendant, that it was " immaterial that ice existed upon said street upon Friday or Saturday upon the place where the plaintiff fell, unless the jury are satisfied that such ice remained upon said sidewalk, was there at the time of the accident, and rendered said street not reasonably safe and convenient for travellers." In view of these instructions, we think the second part of the charge to which the defendant excepted should not be interpreted as an expression of opinion upon the question whether the ice constituted a defect, but merely as an assurance that the evidence was sufficient in law to warrant this finding, if they should hold it to be a defect.

The third portion of the charge excepted to was merely a correct statement of the testimony on each side, upon a particular point, for the apparent purpose of presenting the issue upon that to the jury. The defendant's request for an instruc-

tion, that " there was no evidence that the ice existing upon said sidewalk upon Sunday, existed upon said sidewalk upon Friday," was rightly refused. There was such evidence from two witnesses besides the plaintiff.

The fourth portion of the charge to which exception was taken was correct in law, and entirely unobjectionable. The other exceptions were not insisted upon.

*Exceptions overruled.*