CHARLES I. RAWSON vs. CAROLINE A. PLAISTED.

Worcester.   October 2, 1889. — February 26, 1890.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Absolute Deed as Security — Sale on Execution of Debtor's Interest —
Writ of Entry.*

The equitable right of a debtor to redeem from an absolute conveyance, made in good faith but by way of security, cannot be taken on execution unless the land is held "on a trust for him whereby he is entitled to a present conveyance" within the meaning of the Pub. Sts. c. 172, § 1.

Land was conveyed in good faith by an absolute deed to secure future advances, equal to or exceeding its value, and the grantee afterwards conveyed it to his grantor's wife, who knew when she took her deed that her husband's conveyance was by way of security only. Subsequently the land was attached and sold on execution as belonging to her husband. *Held*, that the land was not held on a trust for her husband, so that his equitable right to redeem could be taken on execution, and that the purchaser at the execution sale could not maintain a writ of entry to recover it from the wife.

The demandant asked the presiding judge to instruct the jury, that, if the original deed was given as security for advances, the fact that it was absolute in form would be some evidence of fraud, especially if the grantor was deeply indebted at the time. The judge refused to give the instruction in that form, but instructed the jury that the fact referred to might be considered on the question of fraud. The judge also refused to instruct the jury that knowledge on the wife's part that the original conveyance was intended as security would be evidence of fraud on her part. *Held*, that the demandant had no ground of exception.

Evidence of declarations of the husband after his conveyance was admitted, without objection, owing to a misunderstanding on the part of the tenant's counsel. *Held*, that the evidence was inadmissible to impeach the tenant's title, and that the judge had a right to direct the jury to disregard it.

HOLMES, J.   This was a writ of entry.   The plea was *nul disseisin*.   The demandant claims title under a sale on execution of the land, as belonging to William L. Plaisted.   At the time of the attachment and of the execution sale the land stood in the name of Caroline A. Plaisted, the tenant.   The land had belonged to William, was conveyed by him to his brother John by a deed absolute in form, and at a later date was conveyed by John to the tenant.   There was evidence, and the jury found, that the conveyance to John was by way of security only, and that the tenant knew that fact when she took

her deed. The court instructed the jury, that under those cir-
cumstances the conveyance to her would operate only as an
assignment of the mortgage, but refused to add that under the
pleadings the demandant would be entitled to recover. The de-
mandant excepted to the refusal, but we are of opinion that it
was correct. The equitable right of a debtor to redeem from an
absolute conveyance, made in good faith, but by way of security,
cannot be taken on execution, unless the land is held " on a trust'
for him whereby he is entitled to a present conveyance," within
the Pub. Sts. c. 172, § 1. *Russell* v. *Lewis*, 2 Pick. 508. *Bres-
nihan* v. *Sheehan*, 125 Mass. 11. Of course the debtor is not
entitled to a present conveyance of the land until he pays his
debt. If it should be suggested that he has a right to a pres-
ent conveyance of the equity of redemption, supposing that
that would be sufficient, a question which we do not consider,
the answer is, that in this case at least, when the conveyance
was deliberately given in the absolute form, the chance of the
grantor being able to redeem being little more than a mere'
hope, when future advances were contemplated of an amount
not definitely fixed, when they had been made to an extent,
according to all the evidence, nearly equal to the value of the
estate, and, according to some witnesses, much in excess of the
value, the only right of the debtor is to pay his debt if he can,
and then to have a reconveyance. He cannot vary the form of
the security while it stands as security. See *Campbell* v. *Dear-
born*, 109 Mass. 130, 137, 142, 143. There was evidence, to be
sure, that the conveyance to John was fraudulent, and if the fact
had been so, that might raise a different question. But the jury
have found that it was not, and the instruction requested was
not made conditional upon the existence of fraud. Taking a
deed in absolute form as security is not necessarily fraud, as
matter of law. *Harrison* v. *Phillips Academy*, 12 Mass. 456,
462. *New England Ins. Co.* v. *Chandler*, 16 Mass. 274, 279.
*Parkman* v. *Welch*, 19 Pick. 231, 235.

The fourth instruction requested by the demandant was, that,
if the deed from William to John was given as security for ad-
vances, the fact that it was absolute in form would be some evi-
dence of fraud, especially if William was deeply indebted at the
time. If, as stated at the bar, this was not given in these words,

at least the jury were instructed that the fact referred to might be considered on the question of fraud. There is nothing open to exception in the change of language, which was only for the sake of greater caution in avoiding an intimation of opinion upon the facts, a matter which has been a subject of recent discussion. *McKean* v. *Salem*, 148 Mass. 109, 115. *Commonwealth* v. *Keenan*, 148 Mass. 470, 473. The same remark applies to a similar change of form in the sixth instruction requested.

The fifth request was properly refused. Knowledge on the part of the tenant that the conveyance of the farm by William to John was intended as security for advances, standing by itself, is no evidence of fraud on her part in making an exchange.

Evidence of declarations of William after his conveyance was not admissible to impeach the title of the tenant, (*Winchester* v. *Charter*, 97 Mass. 140,) and such evidence having been admitted without objection, owing to a misunderstanding on the part of the tenant's counsel, the court had a right to direct the jury to disregard it, although it hardly appears that the court did so in this case.

An exception was taken to the exclusion of a deed from William L. Plaisted to James E. Taylor, dated January 20, 1873, ten years before these transactions, " to show where the money came from which went into the property." The exception is not argued, and therefore we do not discuss it further than to say that the evidence is not shown to have been competent.

The judge, in the course of his instructions to the jury, incidentally stated that, as the debt for which the farm was attached and sold arose after the conveyance from William to John, the deed must be shown to have been made with intent to defraud, not only existing, but future creditors. If this was too unfavorable for the demandant, (*Day* v. *Cooley*, 118 Mass. 524, 527,) no exception was taken to it. If the attention of the judge had been called to the matter, very possibly he would have modified the statement.

*Exceptions overruled.*

*F. A. Gaskill*, for the demandant.
*W. A. Gile*, for the tenant.