## STATE *vs.* JOHN H. RICHARDS.

### Kennebec.    Opinion January 2, 1893.

*Jury. Charge. Expression of opinion. Practice. Waiver. R. S., c. 82, § 83.*

A charge to the jury does not contravene the statute that prohibits the presiding justice from expressing "an opinion upon issues of fact arising in the case," because of general observations made before commenting on the testimony; *Or*, because it contains affirmations of familiar principles for the application of evidence; *Or*, considerations of an elementary and axiomatic character; *Or*, statements, which, considered in their appropriate connection, do not manifest an expression of opinion.

When counsel regard the charge as containing such expressions of opinion by the presiding justice, he should request the court to rectify the mistake before the jury retires.

His failure to do so will be regarded as a waiver of any objection arising from that source.

ON EXCEPTIONS.

The case is stated in the opinion.

*C. E. Littlefield*, Attorney General, and *L. T. Carleton*, County Attorney, for the State.

*S. S. Brown*, for defendant.

WHITEHOUSE, J. The defendant took exceptions to certain portions of the charge to the jury on the ground that the language employed was in contravention of the statute which prohibits the presiding judge from expressing "an opinion upon issues of fact arising in the case." (R. S., c. 82, § 83.)

It was not in controversy that the crime charged in the indictment had been committed by some one and the question submitted to the jury was whether the accused was the criminal agent.

The assault appears to have been committed about two o'clock in the morning, and the proof of the defendant's identity with the perpetrator of the crime consisted mainly of circumstantial evidence. The complainant stated that she recognized the defendant by his voice at the time of the assault, and two witnesses testified that, in the light of the early morning, they followed a man's tracks from the place of the assault across a public street and several dooryards to a stable where the defendant was found asleep soiled with mud. The defendant denies the possibility of tracing footsteps through that part of the town, and claimed that he was on the street intoxicated at an earlier hour, and being assaulted and thrown to the ground by two men, at another point in the street, fled to the stable and fell asleep. Several witnesses for the defendant testified that the complainant stated to them that, before the defendant was found in the stable covered with mud, she did not know who assaulted her.

After instructing the jury that the presumption of defendant's innocence must be overcome by testimony which should convince them of his guilt beyond a reasonable doubt, the presiding judge proceeded to explain the nature and operation of circumstantial evidence, closing as follows : "Now, if you have an impression that circumstantial evidence is necessarily inconclusive and imperfect, I instruct you that its convincing power, like that of any other testimony, depends upon its character. Do the circumstances all concur not only to show the guilt of the prisoner, but are they all inconsistent with any other rational conclusion? A single circumstance may or may not have force in proving guilt. Jurors must avoid being carried away by the impulses of hastily formed conclusions and slight suspicions arising from independent, isolated facts, and weigh every circumstance proven in connection with all the other circumstances ; and if they are found all consistent with each other, all

pointing to the guilt of the accused, and all at variance with any rational presumption of innocence, then, and not until then, are you to conclude that he is guilty." These were general observations made before commenting on the testimony in the case, and the last sentence, to which exception is specially taken, was only an affirmation of a familiar principle suggested by reason and experience as the leading rule for the application of this kind of evidence, and recognized by courts and jurists as the great test of all presumptive proof. Circumstantial evidence simply comprises the minor relative facts standing around (*circum-stantia*) the principal fact to be proved. To use the expressive term of the Roman law, these facts are the *indicia* of truth, serving to point out the object sought. They stand as silent witnesses of the main fact, continually pointing to it and aiding to fix its true character and significance. This method of investigating truth by circumstances is often characterized as a "convergence of rays of light to a common focus or centre," but more frequently as the formation of a chain out of a number of separate links. The former simile more aptly illustrates the operation of independent, and the latter of dependent, circumstances. But however figuratively expressed, the idea to be conveyed is, that several distinct circumstances, no one of which is conclusive in its nature and tendency, may be found so naturally associated with the fact in controversy and so logically connected with each other, as to acquire from the combination a weight and efficacy that will be accepted as absolutely convincing.

> "If circumstances lead me I will find
> Where truth is hid,"

says Shakespeare. The conclusion may follow necessarily from the proof of the circumstances, or may be deduced by a process of comparison and special inference. In the latter case the result is affirmatively reached in the first instance by means of the probabilities arising from the established facts examined in the light of the general experience and observation of mankind. But before it is deemed sufficient to warrant conviction in a criminal case, its accuracy and soundness must be negatively tested by inquiring whether it excludes every other hypothesis than that of

guilt. It is not sufficient that the circumstances are all consistent with the defendant's guilt, and raise a strong probability of it; they. must also exclude beyond a reasonable doubt the hypothesis of his innocence and be incapable of explanation upon any other reasonable hypothesis than that of his guilt. Burrill on Cir. Ev. 176; Best on Pres. § 188; 1 Stark. Ev. 466-501; 1 Greenl. Ev. § § 11-13; *Com.* v. *Webster*, 5 Cush. 295. The instruction complained of is in harmony with these principles, and not prejudicial to the defendant.

The objection next urged is to the instruction that in weighing testimony the jury "are not of course to take into consideration the mere fact of numbers as being conclusive, . . . but rather the character of the witnesses as they exhibit themselves to you upon the stand, the consistency of their statements, the human probabilities and the natural course of events." These were also, general remarks intended to remind the jury that it was their province to determine the credibility of witnesses and the force of testimony, and that in so doing they were not compelled to prefer physical weight to moral power. It has already been seen that "probability" is the great source of belief and basis of judgment in all investigations of fact. But it is apparent without discussion that the considerations here suggested by the judge were purely of an elementary and axiomatic character, and altogether unobjectionable. *Sweetser* v. *Lowell*, 33 Maine, 449.

Again, it is insisted that the following sentence from the charge is an invasion of the province of the jury, viz: "The complainant has given you her statement of the circumstances as she remembers them, and, of course, in a case like this her statements are of the utmost importance." If this remark had comprised all the comments made by the judge on the statement of the complainant, it might have been understood by the jury as an intimation of opinion on the weight to be given to her testimony. But this is only a single sentence selected from many in the charge respecting the conflict between the testimony of the complainant and the witnesses for the defendant. The "issue of fact" thus raised was elsewhere clearly

explained and fairly submitted to the jury. It could not reasonably be questioned that, if the complainant's statements were literally true, they were of the highest materiality and significance. This was obviously the idea intended to be conveyed to the jury. The instructions had reference to the legitimate tendency of the complainant's testimony as proof in the case, and not to the weight which ought to be given to it in comparison with the opposing evidence. The defendant could not deny of course that if he was actually identified by the complainat the time, the *factum probandum* was established. There was no issue upon that point. The issue was made respecting the complainant's credibility and liability to mistake. Upon this issue the presiding judge manifestly intended to express no opinion ; and considered in its appropriate connection with other parts of the charge, the language excepted to would not probably be understood by the jury as an expression of opinion. If the counsel had been apprehensive that it might be, a suggestion to that effect at the time would doubtless have been followed by an explanation from the court which would have removed all ground for misapprehension. *Ruggles* v. *Coffin*, 70 Maine, 468 ; *Harvey* v. *Dodge*, 73 Maine, 318 ; *State* v. *Day*, 79 Maine, 120 ; *Com.* v. *Lawless*, 103 Mass. 426 ; *McKean* v. *Salem*, 148 Mass. 109 ; *Com.* v. *Keenan*, *Id.* 472.

Finally the defendant complains that the following sentence : "Here are circumstances which finally led to the finding of the party who stands here accused," states as an established fact what the defendant had uniformly denied. But it is evident from the context that this reference to "circumstances" had a broader scope than that ascribed to it by the defendant and embraced other incidents and conditions besides the alleged tracks leading to the stable. The feasibility of following the tracks to the stable and all questions arising from the discovery of the defendant after the assault were properly left to the determination of the jury ; and if, in this sentence the judge inadvertently assumed as proved any fact which had been the subject of controversy, it was here again the duty of counsel to request the court to rectify the mistake before the jury retired.

His failure to do so must be regarded as a waiver of any object-ion arising from that source. *Grows* v. *Railroad*, 69 Maine, 412 ; *Murchie* v. *Gates*, 78 Maine, 300 ; *Elwell* v. *Sullivan*, 80 Maine, 207 ; *York* v. *Railroad*, 84 Maine, 128.

The other parts of the charge, the exceptions to which have not been urged, clearly fall within the principles and considerations above stated. It is, therefore, the opinion of the court that the charge contains nothing which can fairly be deemed an infringe-ment of the statute prohibition. *State* v. *Rollins*, 77 Maine, pp. 383-4.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, EMERY and HASKELL, JJ., concurred.