### Robert K. McDONNELL

v.

### UNITED STATES of America.
Civ. No. 2769-64.

United States District Court
District of Columbia.

Nov. 6, 1964.

Charles E. Robbins, Washington, D. C. (appointed by this Court), for petitioner.

Donald S. Smith, Asst. U. S. Atty., for respondent.

YOUNGDAHL, District Judge.

The petitioner has filed a motion, treated pursuant to 28 U.S.C. § 2255, to vacate his sentence and withdraw his plea of guilty on the grounds that it was coerced and that he had ineffective assistance of counsel. In an indictment returned on September 3, 1963, the petitioner was charged with six counts of forgery and six counts of uttering in violation of 22 D.C.Code § 1401. A codefendant, Hurley, was charged with the same twelve counts plus an additional count of robbery. At arraignment, the petitioner entered a plea of not guilty. Upon the withdrawal of a previously appointed attorney, Mr. Phillip B. Brown was appointed on October 28, 1963, to represent the petitioner. In the meantime, codefendant Hurley went to trial and was found guilty on all counts charged in the indictment. On November 15, 1963, Hurley was sentenced by Judge Keech to serve a total of 4 to 12 years.

Petitioner was then also involved in litigation in Maryland. At petitioner's request, Mr. Brown twice moved for and received continuances of petitioner's trial so that the matter pending in Maryland could be disposed of first. Then on May 7, 1964, the petitioner appeared in court with Mr. Brown and was permitted to withdraw his plea of not guilty to the indictment and to enter a plea of guilty to count two (forgery). On July 2, 1964, the petitioner came before this Court for sentencing. After a thorough examination of the petitioner as to the voluntariness and significance of his plea, and after an elaborate statement by Mr. Brown urging probation for the

petitioner, the Court imposed a sentence of from one to four years. This was considered to be very lenient in the circumstances, which included a maximum sentence of ten years on each count of the indictment.

Since his commitment under the above sentence, the petitioner has been a prolific correspondent with this Court. One of his motions gave rise to this decision. On August 6, 1964, the petitioner moved to withdraw his plea of guilty on the grounds that his court-appointed counsel (Mr. Brown) was incompetent and that his plea had been coerced. The petitioner alleged, inter alia, that Mr. Brown told him that if he would plead guilty, the district attorney promised to dismiss the other counts of the indictment, to ask for a light sentence, and to refrain from objecting to probation. He further alleged that he was told that if he did not plead guilty, he would receive the maximum sentence under the indictment (120 years), and that if he insisted on a jury trial, Mr. Brown would sit by idly in the courtroom and provide no defense. Petitioner further claimed that Mr. Brown failed to pursue certain other requests, such as moving for a mental examination and a bill of particulars. So that petitioner's serious allegations could properly be heard and resolved, this Court ordered that a hearing be held on October 10, 1964, and appointed new counsel to represent the petitioner for that purpose.

Both petitioner and Mr. Brown testified extensively at the hearing. It was revealed in that testimony that Mr. Brown and the petitioner had a number of conferences; that the petitioner admitted involvement in the crimes charged; and that the petitioner had no witness or legitimate defense to be urged in his behalf. It further became clear that Mr. Brown told the petitioner that in his judgment, especially in view of Hurley's conviction, the government was likely to prove its case. Mr. Brown informed the petitioner of a conversation he had with the district attorney, during which the possibility of a plea on one or two counts was discussed. When the petitioner then expressed disinterest in a plea and a desire for a trial, Mr. Brown stated that he would defend petitioner to the best of his ability in trying to make the government prove its case, but that he would not offer any dishonest defense. Thereafter, the petitioner decided to enter a plea.

Upon consideration of the transcript of sentencing, the petitioner's written motion and all of the oral testimony adduced at the hearing, the Court has reached certain findings and conclusions, which are set forth below.

## FINDINGS OF FACT:

1. The petitioner's withdrawal of his plea of not guilty to twelve counts of the indictment and his entry of a plea of guilty to count two (forgery) of said indictment was completely free, voluntary and uncoerced.

2. The legal assistance rendered by Phillip B. Brown, appointed by this Court, was not only effective, but was exemplary and deserving of the Court's commendation. For example, Mr. Brown successfully exerted a great effort to obtain the services of a private psychiatrist who examined the defendant (and found him mentally competent).[1]

3. All of the charges asserted by the petitioner in this motion are totally without merit.

4. The sworn statements of the petitioner which attempt to degrade an able and conscientious member of the bar who rendered laudable service are so flagrant and incredible that they indicate the petitioner deliberately lied.

---

1. Findings one and two were fortified by the petitioner at the time of sentencing. After Mr. Brown made a comprehensive statement in petitioner's behalf, the Court asked whether petitioner wished to say anything before sentencing. Petitioner replied, "Well, I think he said about everything * * *." (Transcript of sentencing, p. 5.)

CONCLUSIONS OF LAW:

1.  The petitioner's motion under 28 U.S.C. § 2255 to vacate sentence and withdraw his plea of guilty must be and hereby is denied.

The Court wishes to add that it is troubled by these proceedings. Our criminal jurisprudence has progressed to the point where every effort is made to provide indigent defendants with legal representation as adequate as would be obtained by an affluent defendant. By and large, and in this case in particular, appointed counsel rise to the occasion to provide exceptional services to the needy defendant. But the Court is concerned that the quality of appointed service may diminish and that lawyers may attempt to avoid appointment altogether if they may be subjected to clients like the present petitioner who repay such services with ungrateful, time-consuming, and reputation-damaging abuse. While defendants should vigorously pursue legitimate claims of coercion and ineffective assistance, charges so patently fictitious as evident in the instant case deserve severe reprobation.

The motion is denied.