**STATE of Maine**

v.

**Asa H. SINCLAIR, Jr.**

Supreme Judicial Court of Maine.

Dec. 7, 1967.

Bernard C. Staples, County Atty., Ellsworth, for appellant.

Hale & Hamilin, by Atherton Fuller, Ellsworth, for appellee.

Before WILLIAMSON, C. J., and TAPLEY, MARDEN, DUFRESNE and WEATHERBEE, JJ.

MARDEN, Justice.

On appeal. From a verdict of guilty upon a charge of breaking, entering and larceny, for the defense of which appellant was provided with court appointed counsel, appeal is taken upon two points: (1) The verdict is not supported by the evidence, and (2) the attorney appointed by the court failed to challenge prospective juror R although the respondent requested that said juror be challenged. New counsel was court appointed for purposes of the appeal.

Relative the alleged insufficiency of the evidence, the accused offering none, undisputed facts justify a finding that the trailer of one G was unlawfully broken and entered after December 25, 1966 and before January 7, 1967 and various items of per-

sonal property removed; that the accused had told his sister on January 5, 1967 that he was going to the area of the trailer to "get even with" G; that the accused was absent from his home from about midnight of January 5, 1967 until 11 a. m. January 6, 1967; that defendant's uncle who lived as a neighbor to G's trailer saw defendant in the area on the morning of January 6, 1967 and defendant said he had stayed at his parent's camp, close by, the night before; that the same neighbor discovered personal property under trees in the area on January 6, 1967, which property later proved to be that of G; that on January 6, 1967 defendant told his wife in the presence of his sister that he had some coins which he was going to sell and displayed coins (the property of G taken included a coin collection); that G discovered the break and theft on January 7, 1967 and reported to the Sheriff; that an officer saw defendant in the G trailer area on January 7, 1967 and informed defendant that a break was under investigation; that defendant told his sister on January 7, 1967 that he had to go to the G trailer area "to get rid of stuff in" his parent's camp, for the officers were looking for evidence in the G break; that later the same day defendant told his sister that he had been to his parent's camp "and burned some of the things and put some of the things down the wall"; that on January 9, 1967 officers found property of G's between the outer and inner walls of defendant's parent's camp. As tested by the rule as to the sufficiency of circumstantial evidence as laid down in State v. Richards, 85 Me. 252, 254, 27 A. 122, and accurately given to the jury by the presiding Justice, not only can it not be said that there was no tenable view of the evidence which would justify the jury verdict, State v. Jordan, 126 Me. 115, 117, 136 A. 483, but, if believed, the only tenable view of the evidence justified the verdict of guilt. There is nothing to indicate that the verdict was erroneous, State v. Allen et al., 151 Me. 486, 121 A.2d 342.

As to the second point of appeal, appellant charges counsel with faulty conduct of his defense by failing to challenge a pro-spective juror to whom he, the accused, had objection and so informed his counsel.

An indigent accused is entitled to "effective representation" Diggs v. Welch (1945) 80 U.S.App.D.C. 5, 148 F.2d 667 [3, 4], 669, cert. den. 325 U.S. 889, 65 S.Ct. 1576, 89 L.Ed. 2002 (Petition for Writ of Habeas Corpus); "to conscientious service of competent counsel." United States v. Wight (2 CCA 1949) 176 F.2d 376, [1] 378 (motion to vacate conviction, Federal post-conviction relief under 28 U.S.C.A. § 2255), cert. den. 338 U.S. 950, 70 S.Ct. 478, 94 L. Ed. 586.

It must be assumed that the appointing power observes those premises, Diggs, supra, [1] page 668 of 148 F. 2d; United States ex rel. Feeley v. Ragen (7 CCA 1948) 166 F.2d 976, [7–9] 980, unless it be established that alleged incompetence works to the prejudice of the respondent, People v. Coolidge (1963) 26 Ill.2d 533, 187 N.E.2d 694, [9] 698. The burden of proof is upon the accused. 21 Am.Jur. 2d, Criminal Law § 315.

Effective representation is not to be determined solely by the result of the case. Mitchell v. United States (1958) 104 U.S. App.D.C. 57, 259 F.2d 787, [2] 789 (Motion under § 2255), cert. den. 358 U.S. 850, 79 S. Ct. 81, 3 L.Ed.2d 86.

More specifically, "the terms 'effective assistance'—the courts' construction of the constitutional requirement for the assistance of counsel—does not relate to the quality of the service rendered by a trial lawyer or to the decisions he makes in the normal course of a criminal case; except that, if his conduct is so incompetent as to deprive his client of a trial in any real sense * * *,—the accused * * *, is still entitled to a trial" Mitchell, supra, [6] at page 793; and, as to the narrower issue before us, "a matter of trial strategy" which accused considers unsuccessful does not equal ineffective assistance, McDonald v. United States (9 CCA 1960) 282 F.2d 737, [4] 741 (Sec. 2255 motion); "improvident strategy, bad tactics, * * * do not

necessarily amount to ineffective assistance" Edwards v. United States (CADC 1957) 256 F.2d 707, [1, 2] 708 (Sec. 2255 motion), cert. den. 358 U.S. 847, 79 S.Ct. 74; reiterated in Dodd v. United States (9 CCA 1963) 321 F.2d 240, [5] 243 (Sec. 2255 motion), and McDonnell v. United States (DCDC 1964) 234 F.Supp. 1017, 1018. See also Bennett v. State of Maine et al., 161 Me. 489, 500, 214 A.2d 667.

Specifically appellant claims that his counsel failed to challenge a prospective juror, the excuse of whom allegedly was requested by him. The record of the sentencing procedure discloses that appellant and counsel not only had the opportunity, but did confer with one another after interrogation of each prospective juror, and the conclusion is justified that prospective juror R was allowed to become a member of the panel as the result of the considered deliberation between the appellant and his attorney. The peremptory challenges allocated appellant had not been exhausted.

Anyone who has participated in the trial of cases before a jury is completely aware that there may be valid tactical considerations for permitting a questionable juror to serve rather than to seek either to excuse for cause or by peremptory challenge. The jury tally sheet indicates that juror R was the sixth prospective juror drawn and the third accepted. At that stage of the proceeding, counsel may very well, and for good reason, have elected to save his peremptory challenges remaining, to be exercised in the excuse of prospective jurors less acceptable than juror R. It is significant that in the appellant's discussion with the court at time of sentence, and during which the appellant expressed dissatisfaction with the result of the case, and the participation in it by juror R, he expressed his doubts in this manner: "This man (R), what did he say while he was in that jury room? How did he—what did he say about me while he was in there? Did he say I was known as a thief around this town, or whether I was a family man, or what did he say?"

In retrospect, appellant may have suspected that juror R characterized him as a thief, but at voir dire he was willing to suspect that juror R would characterize him as a "family man." Whether or not juror R characterized him at all is pure speculation. Retrospective suspicion cannot furnish a basis for a finding either of disservice on the part of counsel or prejudice to the appellant. The conduct of counsel, of which appellant now complains, falls clearly within the area of accepted trial strategy and is by no means synonymous with incompetence or ineffective representation.

Appeal denied.

WEBBER, J., did not sit.