*Municipal Court of the City of Boston*

No. 225804

## J. FLEET COWDEN, TRUSTEE OF DEIRDRON TRUST

v.

## AMERICAN EXPRESS COMPANY

Argued: Nov. 14, 1969  Decided: Nov. 25, 1969.

*Present:* Adlow, C.J., Gorrasi, Spec. J., Hoag, Spec. J.

Case tried to *Ellis F. Brown, Sp. J.*, in the Municipal Court of the City of Boston. No. 225804.

*Adlow, C. J.*  Action of contract to recover money had and received by the defendant to the plaintiff's use.

*There was evidence* that on the morning of March 30, 1969 J. Fleet Cowden was the trustee of the Deirdron Trust; that on said date said J. Fleet Cowden, without disclosing his fiduciary capacity, purchased from the American Express Company fifty-five $100 travelers' checks, signing said checks in his individual capacity. In the afternoon of the same day, the aforementioned J. Fleet Cowden reported to the defendant, at its Boston offices, that he had lost the checks. At the time that he gave notice of the loss, he orally advised the defendant's agents that the $5,500 used in the purchase of the checks belonged to the Deirdron Trust of which he was trustee: that said sum was a portion of a $6,700 deposit taken by the Deirdron Trust in connection with a purchase and sale transaction between the Deidron Trust and one Whittmore that said check was deposited in the City Bank and Trust Company in the name of the Deirdron Trust. Subsequently a withdrawal was made from this account by J. Fleet Cowden individually.

These facts were all called to the attention of the defendant at the time notice was given to it of the loss of the travelers'checks. The Deirdron Trust's declaration of trust and amendments thereto, the real estate agreement between Whittmore and the Deirdron Trust, the deposit slip indicating the deposit of $6,700 in the City Bank and Trust Company, and the cancelled check originally drawn by J. Fleet Cowden

making the withdrawal of the $5,500 from account of Deirdron Trust were all offered in evidence. The written affidavit of loss filed with defendant was signed "J. Fleet Cowden". All these facts were made available to the defendant prior to March 17, 1969 at which time the defendant made a partial refund of $3,881.12 to the plaintiff but withheld the amount of $1,-618.88 for the reason that the defendant had a personal claim against J. Fleet Cowden for that amount. Shortly thereafter it was agreed between the plaintiff and the defendant that the issue of the defendant's right to set-off its claim against J. Fleet Cowden personally should be resolved by a suit between the parties. The evidence in this action is substantially as set forth above, and the sole issue to be resolved is whether the money received by the American Express Company in exchange for fifty-five $100 express checks was the money of J. Fleet Cowden as Trustee of the Deirdron Trust, and whether in making the refund it could withhold the amount owed to it by J. Fleet Cowden personally.

At the close of the evidence the plaintiff filed 13 requests for rulings. The court granted three of these and denied the others. It is unnecessary to recite all these requests in detail. It is sufficient for our purposes to note that the entire issue depends on the right of the plaintiff to have a favorable ruling with respect to request numbered nine which stated that

"The defendant's right to off-set in the present action depends upon proof that the sum of $1,618.88 is owned by Jerome Fleet Cowden, and the burden of proof is on the defendant." The court declined to so rule and made the following findings of fact:

"The Court finds that the plaintiff in his individual capacity purchased $5,500 worth of Travellers checks from the defendant in his own name. The defendant had no knowledge that the plaintiff was acting in a fiduciary capacity at the time of the purchase of the Travellers' checks. I find that the defendant had a right to treat this purchase as a personal purchase by the plaintiff. The affidavit of refund was signed by the plaintiff in his individual capacity and the defendant was entitled to rely on the actions of the individual plaintiff who failed to disclose his alleged fiduciary capacity until the defendant sought to set off the indebtedness owed by the plaintiff individually to the defendant. This the defendant had a legal right to do. I find that the plaintiff, as Trustee of the Deirdron Trust, is not entitled to recover in this action, and I find for the defendant."

The conclusion by the court was erroneous. The basic issue to be decided by the trial court was whether the money used to buy the $5,500 worth of Travellers' checks was the money of J. Fleet Cowden personally, or of the beneficieries of the Deirdron Trust. On the basis of the reported facts the evidence is overwhelming

that the $5,500 used in the purchase of the checks came from the Deirdron Trust which held the money as security toward the completion of a contract involving a transfer of real estate. There is nothing in the report to indicate that J. Fleet Cowden in his individual capacity had acquired any rights in this fund as against the Deirdron Trust from which he had taken it.

The arrangement between J. Fleet Cowden and the American Express Company cannot be said to have constituted the latter a purchaser for value without notice. At most the arrangement constituted the defendant a bailee of the money under an agreement to pay same to whomsoever presented the checks to it for payment. In the event of loss the engagement of the defendant was to reimburse the person with whom it contracted. Actually the situation involves no change of position or danger of loss to the defendant. It still has in its possession what it received from J. Fleet Cowden. The fact that it subsequently discovered that J. Fleet Cowden was personally obligated to it should not prejudice the rights of the beneficiaries of the Deirdron Trust whose funds came into the defendant's hands long after the obligation of J. Fleet Cowden had been incurred. These funds may be reclaimed by the rightful owners. *Moore* v. *Mansfield,* 248 Mass. 210, 215. *Jones* v. *Swift,* 300 Mass. 177, 185. Restatement: Trusts, § 292 (1).

In its findings of fact the court does not de-

clare J. Fleet Cowden to be the rightful owner of the funds used in the purchase of the checks. Whether there was sufficient evidence in the case to warrant such a finding is very doubtful. It would appear rather that the court based its findings on the fact that the defendant treated with J. Fleet Cowden as an individual rather than as a trustee. In our opinion this consideration is immaterial. The right of the true owner to reclaim the fund, which can easily be traced and identified, has been declared in *Bresnahan* v. *Sheehan,* 125 Mass. 11. *Hewitt* v. *Hayes,* 205 Mass. 356. *Morin* v. *Kirkland,* 226 Mass. 345. *Hill* v. *Wiley,* 295 Mass. 396. See also: Restatement, Trusts, Sec. 292 (1).

Unless the trustee, J. Fleet Cowden, personally owned the money paid to the defendant or had an equitable interest in it which could be reached by the defendant, the Deirdron Trust would be entitled to finding. In our opinion the court erred in declaring the law otherwise. There must be a new trial. *Finding for the defendant vacated. New trial ordered.*

J. FLEET COWDEN
   for the plaintiff
HENRY HERRMANN
   for the defendant.